UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAIME BELTRAN,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>ERIC R. BAKER, et al.,<br><br>　　　　　Defendants. | No. 2:17-cv-1520 TLN AC P<br><br><br>ORDER |

Plaintiff, a state prisoner proceeding pro se, seeks relief pursuant to 42 U.S.C. § 1983 and has requested leave to proceed in forma pauperis pursuant to 28 U.S.C. § 1915.

I. <u>Application to Proceed In Forma Pauperis</u>

Plaintiff has submitted a declaration that makes the showing required by 28 U.S.C. § 1915(a). ECF No. 6. Accordingly, the request to proceed in forma pauperis will be granted.

Plaintiff is required to pay the statutory filing fee of $350.00 for this action. 28 U.S.C. §§ 1914(a), 1915(b)(1). By this order, plaintiff will be assessed an initial partial filing fee in accordance with the provisions of 28 U.S.C. § 1915(b)(1). By separate order, the court will direct the appropriate agency to collect the initial partial filing fee from plaintiff's trust account and forward it to the Clerk of the Court. Thereafter, plaintiff will be obligated for monthly payments of twenty percent of the preceding month's income credited to plaintiff's prison trust account. These payments will be forwarded by the appropriate agency to the Clerk of the Court each time

the amount in plaintiff's account exceeds $10.00, until the filing fee is paid in full. 28 U.S.C. § 1915(b)(2).

II. Statutory Screening of Prisoner Complaints

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are "frivolous, malicious, or fail[] to state a claim upon which relief may be granted," or that "seek[] monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915A(b).

A claim "is [legally] frivolous where it lacks an arguable basis either in law or in fact." Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th Cir. 1984). "[A] judge may dismiss . . . claims which are 'based on indisputably meritless legal theories' or whose 'factual contentions are clearly baseless.'" Jackson v. Arizona, 885 F.2d 639, 640 (9th Cir. 1989) (Neitzke, 490 U.S. at 327), superseded by statute on other grounds as stated in Lopez v. Smith, 203 F.3d 1122, 1130 (9th Cir. 2000). The critical inquiry is whether a constitutional claim, however inartfully pleaded, has an arguable legal and factual basis. Franklin, 745 F.2d at 1227-28 (citations omitted).

"Federal Rule of Civil Procedure 8(a)(2) requires only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007) (alteration in original) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)). "Failure to state a claim under § 1915A incorporates the familiar standard applied in the context of failure to state a claim under Federal Rule of Civil Procedure 12(b)(6)." Wilhelm v. Rotman, 680 F.3d 1113, 1121 (9th Cir. 2012) (citations omitted). In order to survive dismissal for failure to state a claim, a complaint must contain more than "a formulaic recitation of the elements of a cause of action;" it must contain factual allegations sufficient "to raise a right to relief above the speculative level." Twombly, 550 U.S. at 555 (citations omitted). "'[T]he pleading must contain something more . . . than . . . a statement of facts that merely creates a suspicion [of] a legally cognizable right of action.'" Id. (alteration in original) (quoting 5 Charles Alan Wright & Arthur

R. Miller, Federal Practice and Procedure § 1216 (3d ed. 2004)).

"[A] complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Twombly, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. (citing Twombly, 550 U.S. at 556). In reviewing a complaint under this standard, the court must accept as true the allegations of the complaint in question, Hosp. Bldg. Co. v. Trs. of the Rex Hosp., 425 U.S. 738, 740 (1976) (citation omitted), as well as construe the pleading in the light most favorable to the plaintiff and resolve all doubts in the plaintiff's favor, Jenkins v. McKeithen, 395 U.S. 411, 421 (1969) (citations omitted).

### III. Complaint

The complaint alleges that defendants Cross, Tran, Baker, Swett, Smith, and Guerra violated plaintiff's Eighth Amendment rights by failing to protect him from a life-threatening assault by two other inmates. ECF No. 1 at 4-10. Plaintiff alleges that the officers failed to protect him by not preventing the attack and by not intervening to stop the assault once it began. Id. at 11-13.

On November 5, 2015, plaintiff was in the yard of Facility C at CSP-SAC and was stabbed approximately twenty-five times by two other inmates. Id. at 5. Plaintiff alleges that defendants Cross, Tran, Baker, Swett, and Smith were assigned to the yard at Facility C and were present when he was attacked. Id. at 6-7. Defendant Guerra was assigned to the gym observation tower overlooking the yard at the time. Id. None of the defendants made any attempt to intervene or stop the assault while it was happening, and no response occurred until four minutes after the attack when it was time for yard recall. Id. Plaintiff suffered severe injuries because of the assault that required extensive medical intervention. Id. at 5-6, 9-11.

### IV. Eighth Amendment

"[A] prison official violates the Eighth Amendment only when two requirements are met. First, the deprivation alleged must be, objectively, sufficiently serious, a prison official's act or omission must result in the denial of the minimal civilized measure of life's necessities." Farmer

v. Brennan, 511 U.S. 825, 834 (1994) (internal quotation marks and citations omitted). Second, the prison official must subjectively have a "sufficiently culpable state of mind . . . one of deliberate indifference to inmate health or safety." Id. (internal quotation marks and citations omitted). The official is not liable under the Eighth Amendment unless he "knows of and disregards an excessive risk to inmate health or safety; the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." Id. at 837. Then he must fail to take reasonable measures to abate the substantial risk of serious harm. Id. at 847.

> The question under the Eighth Amendment is whether prison officials, acting with deliberate indifference, exposed a prisoner to a sufficiently substantial "risk of serious damage to his future health," Helling [v. McKinney, 509 U.S. 25, 35 (1993)], and it does not matter whether the risk comes from a single source or multiple sources, any more than it matters whether a prisoner faces an excessive risk of attack for reasons personal to him or because all prisoners in his situation face such a risk.

Id. at 843. However, mere negligent failure to protect an inmate from harm is not actionable under § 1983. Id. at 835.

Plaintiff's complaint does not provide sufficient information to indicate that defendants had any knowledge, or could reasonably infer, that the stabbing attack would or was likely to occur. For example, there are no allegations that plaintiff made any reports to prison personnel that would put them on notice of a risk that this or any other attack would occur. Furthermore, though the complaint does generally allege that Facility C is a dangerous place where such attacks are likely to occur because it primarily houses gang members and has a history and culture of extreme violence (ECF No. 1 at 1), and that defendants should have been on notice of a higher likelihood of violence because the yard is where "inmates have the greatest access to each other" (id. at 2), these general allegations of dangerousness are not sufficient to allege that an excessive risk of physical harm to plaintiff existed. See Hudson v. Palmer, 468 U.S. 517, 526 (1984) ("Prisons, by definition, are places of involuntary confinement of persons who have a demonstrated proclivity for antisocial criminal, and often violent, conduct."); Berg v. Kincheloe, 794 F.2d 457, 461 (9th Cir. 1986) ("As the Tenth Circuit observed, '[m]any prisoners are

4

unpredictable. [The] [p]rison setting is, at best, tense. It is sometimes explosive, and always potentially dangerous.'" (alterations in original) (quoting Marchesani v. McCune, 531 F.2d 459, 462 (10th Cir. 1976))). This is particularly true in light of plaintiff's allegations that defendants were not properly monitoring the yard because they were distracted (ECF No. 1 at 6), which indicates negligence at most.[1] See Segovia v. County of Los Angeles, 41 F. App'x 126, 127 (9th Cir. 2002) (without allegations that defendants were aware of danger to plaintiff prior to the incident, factors that "contributed to the jail's generally dangerous environment, such as whether jailers should have permitted more than one door in the gang module to remain open at a time," went toward whether defendants were negligent). Therefore, plaintiff has failed to allege facts that show that defendants were deliberately indifferent to an excessive risk of harm by failing to prevent the attack. However, the allegations in the complaint are sufficient to state a cognizable claim against defendants for their failure to intervene once the attack began.

Plaintiff has alleged that defendant Guerra was assigned to the gym observation tower and was responsible for maintaining a constant visual of the exercise yard, while defendants Cross, Tran, Baker, Swett, and Smith were present on the exercise yard, making it nearly impossible for them to fail to observe the assault. ECF No. 1 at 6-7. He further claims that defendants did in fact witness him "being attacked and stabbed by the 2 armed inmates and refused to protect and intervene, and just ignored it," and did not respond until four minutes after the assault had ended. Id. These facts are sufficient to state a cognizable Eighth Amendment claim against all defendants.

V.     Leave to Amend

For the reasons set forth above, the court finds that the complaint does not state cognizable claimsagainst the defendants for failing to prevent the assault on plaintiff. However, plaintiff may be able to allege facts to remedy this, and he will be given the opportunity to amend the complaint if he wants to do so. Or, in the alternative, plaintiff may choose to abandon that

---

[1] Unlike with his claim for failure to intervene after the assault began, where plaintiff alleges that defendants were distracted or alternatively actively ignored the assault, his claim for failure to prevent the assault alleges only that they did not prevent the assault because they were distracted.

5

claim and proceed on the claim the defendants violated his eighth Amendment rights by failing to intervene in an assault.

Plaintiff must choose: he may either (1) proceed forthwith to serve defendants Cross, Tran, Baker, Swett, Smith, and Guerra for his claim that they failed to protect him by not intervening while he was being assaulted and delaying their response after the assault ended, or (2) he may delay serving any defendant and amend the complaint.

Plaintiff will be required to complete and return the attached notice advising the court how he wishes to proceed. If plaintiff chooses to amend the complaint, he will be given thirty days to file an amended complaint. If plaintiff elects to proceed without amending the complaint, the court will proceed to serve the complaint. A decision to go forward without amending the complaint will be considered a voluntary dismissal without prejudice of the claim that defendants failed to prevent the assault on plaintiff.

If plaintiff chooses to file a first amended complaint, he must demonstrate how the conditions about which he complains resulted in a deprivation of his constitutional rights. Rizzo v. Goode, 423 U.S. 362, 370-71 (1976). Also, the complaint must allege in specific terms how each named defendant is involved. Arnold v. Int'l Bus. Machs. Corp., 637 F.2d 1350, 1355 (9th Cir. 1981). There can be no liability under 42 U.S.C. § 1983 unless there is some affirmative link or connection between a defendant's actions and the claimed deprivation. Id.; Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978). Furthermore, "[v]ague and conclusory allegations of official participation in civil rights violations are not sufficient." Ivey v. Bd. of Regents, 673 F.2d 266, 268 (9th Cir. 1982) (citations omitted).

Plaintiff is also informed that the court cannot refer to a prior pleading in order to make his first amended complaint complete. Local Rule 220 requires that an amended complaint be complete in itself without reference to any prior pleading. This is because, as a general rule, an amended complaint supersedes the original complaint. Loux v. Rhay, 375 F.2d 55, 57 (9th Cir. 1967), overruled in part by Lacey v. Maricopa County, 693 F.3d 896, 929 (9th Cir. 2012) (claims dismissed with prejudice and without leave to amend do not have to be re-pled in subsequent amended complaint to preserve appeal). Once plaintiff files a first amended complaint, the

original complaint no longer serves any function in the case. Therefore, in an amended complaint, as in an original complaint, each claim and the involvement of each defendant must be sufficiently alleged.

VI. <u>Plain Language Summary of this Order for a Pro Se Litigant</u>

Your request to proceed in forma pauperis is granted and you are not required to pay the entire filing fee immediately.

One of your claims has been found to allege enough facts to state a claim, while the other has not. Your claim that defendants violated your Eighth Amendment rights by failing to intervene when they saw you being attacked by two other inmates, and then waited to respond after the assault was over, states a claim for relief. However, your claim that defendants violated your Eighth Amendment rights by failing to prevent the attack in the first place does not state a claim, because you have not shown that defendants were aware of a serious risk to your safety before the assault happened.

You have a choice to make. You may either (1) proceed immediately on your claim that defendants Cross, Tran, Baker, Swett, Smith, and Guerra failed to intervene when they saw you were being attacked, and delayed their response after the assault ended, and voluntarily dismiss the other claims or (2) try to amend the complaint. If you choose to amend your complaint, the first amended complaint must include all of the claims you want to make, including the ones that have already been found to state a claim, because the court will not look at the claims or information in the original complaint. **Any claims not in the first amended complaint will not be considered.** You must complete the attached notification showing what you want to do and return it to the court. Once the court receives the notice, it will issue an order telling you what you need to do next (i.e., file an amended complaint or wait for defendants to be served).

In accordance with the above, IT IS HEREBY ORDERED that:

1. Plaintiff's request for leave to proceed in forma pauperis (ECF No. 6) is granted.

2. Plaintiff is obligated to pay the statutory filing fee of $350.00 for this action. Plaintiff is assessed an initial partial filing fee in accordance with the provisions of 28 U.S.C. § 1915(b)(1). All fees shall be collected and paid in accordance with this court's order to the

Director of the California Department of Corrections and Rehabilitation filed concurrently herewith.

    3. Plaintiff's claim that defendants Cross, Tran, Baker, Swett, Smith and Guerra failed to protect him when they failed to prevent an assault by two other inmates does not state a claim for which relief can be granted.

    4. Plaintiff has the option to (1) proceed immediately on his claim that defendants Cross, Tran, Baker, Swett, Smith and Guerra failed to protect him when they witnessed him being attacked by two other inmates, did not act to stop the assault, and delayed in responding after the assault ended, or (2) amend the complaint.

    5. Within fourteen days of service of this order, plaintiff shall complete and return the attached form notifying the court whether he wants to proceed on the screened complaint or whether he wants to file a first amended complaint. If plaintiff does not return the form, the court will assume that he is choosing to proceed on the complaint as screened and will recommend dismissal without prejudice of the claim that defendants Cross, Tran, Baker, Swett, Smith and Guerra failed to protect him when they failed to prevent an assault by two other inmates

    IT IS SO ORDERED.

DATED: December 3, 2019

_/s/ Allison Claire_
ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE

|                          |                                              |
|--------------------------|----------------------------------------------|
| UNITED STATES DISTRICT COURT                                            ||
| FOR THE EASTERN DISTRICT OF CALIFORNIA                                  ||
| JAIME BELTRAN,           | No. 2:17-cv-1520 TLN AC P                    |
|     Plaintiff, |                                    |
| v.                       | PLAINTIFF'S NOTICE RE: HOW TO PROCEED        |
| ERIC R. BAKER, et al.,   |                                              |
|     Defendants. |                                   |

Check one:

\_\_\_\_\_ Plaintiff wants to proceed immediately on his claim that defendants Cross, Tran, Baker, Swett, Smith and Guerra failed to protect him when they witnessed him being attacked by two other inmates, did not act to stop the assault, and delayed in responding after the assault ended, without amending the complaint. Plaintiff understands that by going forward without amending the complaint he is voluntarily dismissing without prejudice his claim that defendants Cross, Tran, Baker, Swett, Smith and Guerra failed to protect him when they failed to prevent the assault by two other inmates.

\_\_\_\_\_ Plaintiff wants to amend the complaint.

DATED:_____  _____
                                                                      Jamie Beltran
                                                                       Plaintiff pro se