# UNITED STATES DISTRICT COURT

## FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAIME BELTRAN,<br><br>    Plaintiff,<br><br>    v.<br><br>ERIC R. BAKER, et al.,<br><br>    Defendants. | No. 2:17-cv-1520 TLN AC P<br><br><br><br>ORDER |

Plaintiff, a state prisoner proceeding through counsel with a civil rights action pursuant to 42 U.S.C. § 1983, seeks to modify the January 4, 2021 Discovery and Scheduling Order. ECF No. 39.

Pursuant to the operative Discovery and Scheduling Order, the parties had until March 1, 2021, to serve written requests for discovery and discovery closed on April 30, 2021. ECF No. 31 at 5. The pretrial motion deadline was set for July 23, 2021. Id. At the time the Discovery and Scheduling Order was issued, plaintiff was proceeding pro se; counsel for plaintiff noticed their appearance on April 23, 2021. ECF No. 32. On April 29, 2021, the parties filed a stipulated request to extend the deadline to depose plaintiff to June 30, 2021, with any motion to compel plaintiff's deposition due by July 14, 2021, and to extend the pretrial motions deadline to September 22, 2021. ECF No. 36 at 4. All other deadlines were to remain unchanged. Id. The parties' stipulated request was granted, ECF No. 38, and plaintiff now seeks further modification of the schedule to re-open discovery, ECF No. 39.

1

Plaintiff states that defendants' counsel has refused to voluntarily provide requested discovery and that "Plaintiff's counsel reasonably expected that Defendants would provide discovery to Plaintiff, despite it being past the close of discovery, so that Plaintiff, who had been pro se during the discovery period, could prepare for depositions to be conducted by June 30, 2021." ECF No. 39 at 4. Based on the motion and attached exhibits, it appears that rather than requesting defendants agree to a stipulated request to re-open discovery, plaintiff instead outlined his discovery requests, including depositions he sought to take, and assumed defendants would provide the requested discovery despite discovery being closed. ECF No. 39; ECF No. 39-1. This is not a reasonable assumption. Defendants are under no obligation to respond to discovery requests after the close of discovery, regardless of plaintiff's former pro se status, and when a pro se prisoner-plaintiff retains counsel after the close of discovery, the proper procedure is for plaintiff to move to re-open discovery, ideally through a stipulated request. Although there is no evidence that plaintiff sought a stipulation from defendants to re-open and extend discovery, see L.R. 144, the request to re-open discovery will be granted with modification to allow for the forty-five-day deadline for responding to written discovery requests. See ECF No. 31 at 5.

The court notes that because plaintiff is now represented by counsel, Local Rule 230(l) no longer applies. Going forward, motions should be noticed in accordance with the non-prisoner provisions of Local Rule 230, unless governed by a separate Local Rule (e.g., L.R. 144; L.R. 251). The parties are also advised that in the event of discovery disputes, email communications and letters do not satisfy the requirement to meet and confer in good faith, and the undersigned offers informal telephonic conferences to resolve discovery disputes outside of the formal Local Rule 251 procedures.[1]

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff's motion to amend the scheduling order, ECF No. 39, is GRANTED.
2. Plaintiff may conduct discovery until **July 23, 2021**, and any motions necessary to

---

[1] The procedure is available on the court's website at http://www.caed.uscourts.gov/caednew/index.cfm/judges/all-judges/united-states-magistrate-judge-allison-claire-ac/.

compel discovery shall be filed by that date. All requests for discovery pursuant to Federal Rules of Civil Procedure 31 (deposition by written question), 33 (interrogatories), 34 (production of documents), or 36 (admissions) shall be served no later than **May 28, 2021.**

    3. Going forward, motions should be noticed in accordance with the non-prisoner provisions of Local Rule 230, unless governed by a separate Local Rule, and Local Rule 251 shall apply to any discovery disputes.

DATED: May 12, 2021

_____
ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE