1  Rob Bonta, State Bar No. 202668
   Attorney General of California
2  Joanna B. Hood, State Bar No. 264078
   Supervising Deputy Attorney General
3  Erik A. Gutierrez, State Bar No. 273837
   Deputy Attorney General
4    1300 I Street, Suite 125
     P.O. Box 944255
5    Sacramento, CA 94244-2550
     Telephone:  (916) 210-7340
6    Fax:  (916) 324-5203
     E-mail:  Erik.Gutierrez@doj.ca.gov
7  *Attorneys for Defendants E. Baker, B. Cross,*
   *D. Tran, M. Swett, G. Smith, and T. Guerra*

8

9                    IN THE UNITED STATES DISTRICT COURT

10                  FOR THE EASTERN DISTRICT OF CALIFORNIA

11                          SACRAMENTO DIVISION

12

| | |
|---|---|
| 13  **JAIME BELTRAN,** | 2:17-cv-1520 TLN AC P |
| 14                                    Plaintiff, | **SECOND STIPULATION TO MODIFY THE DISCOVERY AND SCHEDULING** |
| 15                  v. | **ORDER; [PROPOSED] ORDER** |
| 16  **BAKER, et al. ,** | |
| 17                                   Defendants. | Judge:        The Honorable Allison Claire |
| 18 | Trial Date:   Not set |
|  | Action Filed:  July 21, 2017 |

19

20         The parties to this action (collectively referred to as "the parties"), Plaintiff Jaime Beltran

21  (CDCR No. K87116) ("Plaintiff"), by and through his counsel of record, and Defendants E.

22  Baker, B. Cross, D. Tran, M. Swett, G. Smith, and T. Guerra ("Defendants"), by and through their

23  counsel of record, hereby stipulate and request that the Court modify the discovery and

24  scheduling order to extend the deadline for Defendants to depose Plaintiff; file a motion to

25  compel Plaintiff's deposition, if necessary; and file pretrial motions.  This is the second

26  stipulation seeking to accomplish this task.

27         A scheduling order may be modified only upon a showing of good cause and by leave of

28  Court.  Fed. R. Civ. P. 6(b)(1)(A), 16(b)(4); *see, e.g., Johnson v. Mammoth Recreations, Inc.,* 975

                                     1

F.2d 604, 609 (describing the factors a court should consider in ruling on such a motion).  In considering whether a party moving for a schedule modification has shown good cause, the Court primarily focuses on the diligence of the party seeking the modification. *Johnson,* 975 F.2d at 609 (citing Fed. R. Civ. P. 16 advisory committee's notes of 1983 amendment).  When an act must be done within a specified time, the court may, for good cause, extend the time with or without motion or notice if the court acts, or if a request is made, before the original time expires. Fed. R. Civ. P. 6(b)(1)(A).

Good cause exists to modify the discovery and scheduling order based on the following procedural history of this matter:

1.  On April 21, 2021, Defendants' counsel, Erik A. Gutierrez, and Plaintiff Jaime Beltran appeared for the timely-noticed deposition of Plaintiff.  Before the deposition was scheduled to begin, Plaintiff informed Mr. Gutierrez that he had retained counsel in the matter by signing a retainer agreement and mailing it to the Law Office of Jarrett Adams, PLLC.  Although Plaintiff was not represented by an attorney of record at that time, out of an abundance of caution, Mr. Gutierrez and Plaintiff agreed to postpone Plaintiff's deposition to give his attorney an opportunity to enter an appearance.  The agreement between Plaintiff and Mr. Gutierrez was set forth on the record.  The declaration of Erik A. Gutierrez authenticating and attaching the transcript containing the agreement was concurrently filed with the prior stipulation.

2.  On April 23, 2021, Lillian C. Munoz (SBN 27947) filed entered her appearance as counsel of record for Plaintiff. (ECF No. 32.)  Ms. Munoz is a member of the Law Office of Jarrett Adams, PLLC. (*Id.*)  On the same day, Mr. Adams filed a pro hac vice application. (ECF No. 33.)

3.  On April 29, 2021, Ms. Munoz entered a stipulation to modify the discovery and scheduling order to allow Defendants to depose Plaintiff, which the Court granted.  (ECF No. 38.)

4.  On June 1, 2021, Defendants' counsel began the deposition of Plaintiff Jaime Beltran. After several hours, Plaintiff indicated that he could not continue with the deposition due to a personal health reason.  The parties agreed on the record to temporarily halt the deposition and to complete the deposition at a later date.

5.      The parties agreed to finish Plaintiff's deposition on June 11, 2021.  Defendants'

counsel sent a notice for the deposition, and all parties appeared via Zoom videoconference for

the deposition at 8:00 a.m.  Although Plaintiff's correctional institution provided a room and

video equipment which Plaintiff used to appear for the deposition, Plaintiff could not be heard on

the video equipment because there was excessive background noise at the correctional institution.

The parties spoke with correctional staff, who explained that the noise would not abate before

11:00 a.m., because other inmates were being transported back and forth from court appearances

in the hallway outside of the room.  Correctional staff explained that there was no alternate

microphone or headset available that could be used to reduce the background noise interference.

6.      In an attempt to continue with the deposition, the parties requested that Plaintiff be

placed in an alternate room.  Unfortunately, the only available room was directly across the same

noisy hallway.  Correctional staff moved Plaintiff to the other available room, but the excessive

background noise continued to interfere with the parties' ability to hear Plaintiff.  The parties

agreed that it was impossible to proceed with Plaintiff's deposition under the circumstances.

7.      Defendants' counsel was unavailable due to personal leave from June 14-17, 22, 23,

29, and 30, 2021.  Accordingly, Defendants' counsel was not able to re-schedule Plaintiff's

deposition for those days.

8.      Thus, both parties agree that good causes exists to modify the discovery and

scheduling order on the grounds that Defendants' counsel attempted to take and complete

Plaintiff's deposition, but was not able to do so as a result of unanticipated circumstances beyond

his control as described above.

9.      Should the Court modify the discovery deadline, modification of the pretrial motion

deadline will be necessary in order to permit sufficient time between the close of discovery and

the pretrial motion deadline to prepare any such motion.  Defendants assert that they will be

severely prejudiced without the ability to depose Plaintiff in this matter, which is critical to

Defendants' investigation of the matter, and to Defendants' ability to prepare and file a motion

for summary judgment.

10. For purposes of consistency and uniform deadlines in this matter, Plaintiff's counsel also requests that the deadline to depose Defendants and file a motion to compel said depositions likewise be extended to the same date as the deadline to complete Plaintiff's deposition. Defendants' counsel has no objection to this request.

///
///
///
///
///
///
///
///
///
///
///
///
///
///
///
///
///
///
///
///
///
///
///
///

**For these reasons, the parties hereby stipulate and agree to the following:**

1.    The parties request that the Court extend the deadlines to: (1) complete non-expert depositions to July 30, 2021; (2) file a motion to compel non-expert depositions, if necessary, to August 14, 2021; and (3) file pretrial motions to October 22, 2021. In all other respects, the discovery and scheduling order should remain unchanged.

2.    Plaintiff's deposition shall be rescheduled and completed at a later time consistent with the Court's anticipated modification of the discovery and scheduling order consistent with this stipulation.

Dated: June 30, 2021

ROB BONTA
Attorney General of California
JOANNA B. HOOD
Supervising Deputy Attorney General

*/S/ ERIK A. GUTIERREZ*

ERIK A. GUTIERREZ
Deputy Attorney General
*Attorneys for Defendants E. Baker, B. Cross, D. Tran, M. Swett, G. Smith, and T. Guerra*

Dated: June 30, 2021

LAW OFFICE OF JARRETT ADAMS PLLC

*/S/ LILLIAN C. MUNOZ*

LILLIAN C. MUNOZ
*Attorneys for Plaintiff Jaime Beltran*

**IT IS SO ORDERED.**

DATED: July 1, 2021

_____
ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE