ROB BONTA, State Bar No. 202668
Attorney General of California
JOANNA B. HOOD, State Bar No. 264078
Supervising Deputy Attorney General
ERIK A. GUTIERREZ, State Bar No. 273837
Deputy Attorney General
  1300 I Street, Suite 125
  P.O. Box 944255
  Sacramento, CA 94244-2550
  Telephone: (916) 210-7340
  Fax: (916) 324-5203
  E-mail: Erik.Gutierrez@doj.ca.gov
*Attorneys for Defendants E. Baker, B. Cross,
D. Tran, M. Swett, G. Smith, and T. Guerra*

IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

SACRAMENTO DIVISION

| | |
|---|---|
| **JAIME BELTRAN,**<br><br>Plaintiff,<br><br>v.<br><br>**BAKER, et al.,**<br><br>Defendants. | 2:17-cv-1520 TLN AC P<br><br>**THIRD STIPULATION TO MODIFY THE DISCOVERY AND SCHEDULING ORDER;** ~~PROPOSED~~ **ORDER**<br><br>Judge: The Honorable Allison Claire<br>Trial Date: Not set<br>Action Filed: July 21, 2017 |

The parties to this action (collectively referred to as "the parties"), Plaintiff Jaime Beltran (CDCR No. K87116) ("Plaintiff"), by and through his counsel of record, and Defendants E. Baker, B. Cross, D. Tran, M. Swett, G. Smith, and T. Guerra ("Defendants") by and through their counsel of record, hereby stipulate and request that the Court modify the discovery and scheduling order to extend the deadline for the parties to: (1) complete non-expert depositions to August 31, 2021; (2) file any necessary motion to compel to September 13, 2021; and (3) file pretrial motions to November 22, 2021. This is the third stipulation seeking to accomplish this task.

///

1

A scheduling order may be modified only upon a showing of good cause and by leave of Court. Fed. R. Civ. P. 6(b)(1)(A), 16(b)(4); *see, e.g., Johnson v. Mammoth Recreations, Inc.,* 975 F.2d 604, 609 (describing the factors a court should consider in ruling on such a motion). In considering whether a party moving for a schedule modification has shown good cause, the Court primarily focuses on the diligence of the party seeking the modification. *Johnson,* 975 F.2d at 609 (citing Fed. R. Civ. P. 16 advisory committee's notes of 1983 amendment). When an act must be done within a specified time, the court may, for good cause, extend the time with or without motion or notice if the court acts, or if a request is made, before the original time expires. Fed. R. Civ. P. 6(b)(1)(A).

Good cause exists to modify the discovery and scheduling order based on the following procedural history of this matter:

1. On June 1, 2021, Defendants' counsel began the deposition of Plaintiff Jaime Beltran. After several hours, Plaintiff indicated that he could not continue with the deposition due to a personal health reason. The parties agreed on the record to temporarily halt the deposition and to complete the deposition at a later date.

2. The parties agreed to finish Plaintiff's deposition on June 11, 2021. Defendants' counsel sent a notice for the deposition, and all parties appeared via Zoom videoconference for the deposition at 8:00 a.m. Although Plaintiff's correctional institution provided a room and video equipment which Plaintiff used to appear for the deposition, Plaintiff could not be heard on the video equipment because there was excessive background noise at the correctional institution. The parties spoke with correctional staff who explained that the noise would not abate before 11:00 a.m. because other inmates were being transported back and forth from court appearances in the hallway outside of the room. Correctional staff explained that there was no alternate microphone or headset available that could be used to reduce the background noise interference.

3. In an attempt to continue with the deposition, the parties requested that Plaintiff be placed in an alternate room. Unfortunately, the only available room was directly across the same noisy hallway. Correctional staff moved Plaintiff to the other available room, but the excessive

background noise continued to interfere with the parties' ability to hear Plaintiff. The parties agreed that it was impossible to proceed with Plaintiff's deposition under the circumstances.

4. Defendants' counsel was unavailable due to personal leave from June 14-17, 22, 23, 29, 30, and July 6, and 7, 2021. Accordingly, Defendants' counsel was not able to re-schedule Plaintiff's deposition.

5. Since the last stipulation to modify the discovery and scheduling order, Defendants' counsel has accepted an offer of employment outside of state service. Defendants' counsel will transition to new employment on July 23, 2021. Accordingly, new defense counsel will be assigned in this matter in the near future. Defendants' new counsel will need an opportunity to review the case file, prepare Defendants for deposition, and to complete Plaintiff's deposition.

6. The parties have also agreed that Defendants' responses to all pending written discovery shall be due on August 11, 2021.

7. Thus, good causes exists to modify the discovery and scheduling order on the grounds that Defendants' counsel attempted to take and complete Plaintiff's deposition, but was not able to do so as a result of unanticipated circumstances beyond his control as described above. Additionally, as Defendants will be assigned new counsel in the new future, there is good cause to extend the existing deadlines.

8. Should the Court modify the discovery deadline, modification of the pretrial motion deadline will be necessary in order to permit sufficient time between the close of discovery and the pretrial motion deadline to prepare any such motion. Defendants assert that they will be severely prejudiced without the ability to depose Plaintiff in this matter, which is critical to Defendants' investigation of the matter, and to Defendants' ability to prepare and file a motion for summary judgment.

///
///
///
///
///

**For these reasons, the parties hereby stipulate and agree to the following:**

The parties request that the Court extend the deadlines to: (1) complete non-expert depositions to August 31, 2021; (2) file any necessary motion to compel to September 13, 2021; and (3) file pretrial motions to November 22, 2021. In all other respects, the discovery and scheduling order should remain unchanged. The parties have also agreed that Defendants' responses to all pending written discovery shall be due on August 11, 2021.

Dated: July 13, 2021

ROB BONTA
Attorney General of California
JOANNA B. HOOD
Supervising Deputy Attorney General

*/s/ Erik A. Gutierrez*
ERIK A. GUTIERREZ
Deputy Attorney General
*Attorneys for Defendants E. Baker, B. Cross, D. Tran, M. Swett, G. Smith, and T. Guerra*

Dated: July 13, 2021

LAW OFFICE OF JARRETT ADAMS PLLC

*/s/ Lillian C. Munoz*
LILLIAN C. MUNOZ
*Attorneys for Plaintiff Jaime Beltran*

**IT IS SO ORDERED.**

DATED: July 14, 2021

ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE