UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAIME BELTRAN, | No. 2:17-cv-1520 TLN AC P |
| Plaintiff, | |
| v. | ORDER |
| ERIC R. BAKER, et al., | |
| Defendants. | |

Plaintiff is a state prisoner proceeding through counsel with a civil rights action pursuant to 42 U.S.C. § 1983.

By order filed July 15, 2021, the undersigned granted the parties' stipulation to extend discovery deadlines. ECF No. 44. Defendants' deadline to respond to pending written discovery requests was extended to August 11, 2021, while the deadline to complete non-expert depositions was extended to August 31, 2021, with any necessary motions to compel due by September 13, 2021. Id. at 4. The pretrial motions deadline was extended to November 22, 2021. Id. On July 30, 2021, defendants filed a motion for summary judgment on the ground that plaintiff failed to exhaust his administrative remedies prior to filing suit. ECF No. 46. Shortly thereafter, they filed a motion to stay discovery and an ex parte application to shorten time for a hearing on the motion to stay. ECF Nos. 47, 48.

////

Defendants seek to vacate the current discovery and dispositive motions deadlines, including their August 11, 2021 deadline to respond to pending discovery requests, and to re-set the deadlines, as necessary, upon resolution of their pending motion for summary judgment. ECF No. 47. They seek to shorten the time to hear the motion for stay based on the upcoming deadline to respond to discovery requests. ECF No. 48. Plaintiff has opposed the motion to shorten time partly on the ground that he requires time to properly oppose the motion to stay. ECF No. 49. Plaintiff indicates that he intends to oppose the motion to stay on the grounds that he has not had time to clarify his deposition responses related to exhaustion or obtain testimony from prison staff who advised him regarding the appeals process and that he believes that he will prevail at summary judgment. Id. at 3-4.

The time for propounding written discovery is closed, see ECF No. 40 at 3, and review of the pending written discovery requests shows that they do not relate to exhaustion, see ECF No. 47-2 at 5-97. Additionally, plaintiff is capable of clarifying his deposition responses through a declaration, and his ability to do so would not be hampered by a stay of discovery. However, to the extent plaintiff indicates that discovery should not be stayed because he needs to obtain testimony from prison staff who advised him on the appeal process, the court acknowledges that such discovery would be relevant to the pending motion for summary judgment. Accordingly, the undersigned finds that defendants' motion to stay should be granted except to the extent that plaintiff seeks discovery on matters related to the exhaustion of plaintiff's administrative remedies. See Anderson v. Byrne, 827 F. App'x 643, 644 (9th Cir. 2020) (district court did not abuse discretion by staying merits-based discovery while motion for summary judgment on exhaustion was pending and discovery related to arguments considered at summary judgment was permitted).

Accordingly, IT IS HEREBY ORDERED that:

1. Defendants' motion to stay, ECF No. 47, is GRANTED in part and DENIED in part:
   a. The motion is GRANTED as to the deadlines for merit-based discovery and dispositive motions. The deadlines in the July 15, 2021 Order (ECF No. 44 at 4), including defendants' August 11, 2021 deadline to respond to all pending

written discovery requests, are VACATED.  The deadlines will be re-set, as necessary, upon resolution of the pending motion for summary judgment.

    b. The motion is DENIED as to discovery related to plaintiff's exhaustion of administrative remedies.  Plaintiff may complete any depositions of individuals on matters related to the exhaustion of plaintiff's administrative remedies by August 31, 2021, with any necessary motions to compel filed by September 13, 2021.

2. The September 8, 2021 hearing on the motion to stay is VACATED.

3. Defendants' application to shorten time for the hearing on their motion to stay, ECF No. 48, is DENIED as moot.

DATED: August 5, 2021

_____
ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE