1 | Lillian C. (Munoz) Gaither, Esq. #279427
Jarrett Adams, *pro hac vice*
2 | Law Office of Jarrett Adams, PLLC
40 Fulton Street, Floor 17
3 | New York, NY 10038
Ph: (646) 880-9707
4 | Fax: (646) 880-9707
Lillian@jarrettadamslaw.com
5 | JAdams@jarrettadamslaw.com

6 | Attorneys For Plaintiff, Jaime Beltran

7

8 | **IN THE UNITED STATES DISTRICT COURT**

9 | **FOR THE EASTERN DISTRICT OF CALIFORNIA**

10 | **SACRAMENTO DIVISION**

11 | JAIME BELTRAN, | Case No.  2:17-cv-01520 TLN AC

12 |     Plaintiff, | PLAINTIFF'S MEMORANDUM OF POINTS AND AUTHORITIES IN

13 |  v. | OPPOSITION TO DEFENDANTS' MOTION FOR SUMMARY JUDGMENT

14 |     BAKER, et al, | [EXHAUSTION]

15 |     Defendants. | Judge: Hon. Allison Claire
Trial Date: Not set.
16 | | Action filed: July 21, 2017

17

18 |         COMES NOW, Plaintiff, Jaime Beltran, by and through his attorneys undersigned, and

19 | respectfully submits the following memorandum of points and authorities in opposition to Defendants'

20 | Motion for Summary Judgment on the basis of exhaustion of administrative remedies. Timely filed

21 | concurrently herewith are Plaintiff's response to Defendants' Statement of Undisputed Facts, Plaintiff's

22 | Statement of Disputed Facts, and the Declaration of Jaime Beltran. (Local R. 230(c)).

23 | ///

24 | ///

25 | ///

1

PLAINTIFF'S OPPOSITION TO DEFENDANTS' MOTION FOR SUMMARY JUDGMENT [EXHAUSTION]

**Table of Contents**

I.   STATEMENT OF FACTS ................................................................................5

II.  SUMMARY JUDGMENT STANDARD .........................................................5

III. ARGUMENT ................................................................................................7

    A.  Summary of the Prison Litigation Reform Act and Exhaustion requirement. ........................7

    B.  Mr. Beltran exhausted his administrative remedies when the second level review referred Appeal Number SAC-C-16-00599 for an OIA investigation. ......................................................8

        1.  Your Honor recently applied *Brown v. Valoff* in *Dixon v. Oleachea* to find that an inmate exhausted his administrative remedies when an appeal is referred for an OIA investigation..................................................8

        2.  *Tucker v. Mohr* and other Ninth Circuit decisions are consistent with the *Dixon* decision...................................................12

        3.  Mr. Beltran's facts parallel those of *Dixon* and *Tucker*, and the same reasoning therefore should be applied. ......................................................13

        4.  The cases relied upon by Defendants are easily distinguishable. .............................14

    C.  Even if the Court finds that Mr. Beltran did not exhaust his administrative remedies, the Court should excuse exhaustion as unavailable because the CDCR improperly cancelled Appeal Number SAC-C-16-00599. .....................................................15

    D.  Even if the Court concludes that Mr. Beltran did not exhaust his administrative remedies, and finds that exhaustion is not excused due to improper cancellation, the Court should excuse exhaustion because the CDCR thwarted Mr. Beltran through misrepresentation.......................17

IV. CONCLUSION ...........................................................................................17

PLAINTIFF'S OPPOSITION TO DEFENDANTS' MOTION FOR SUMMARY JUDGMENT [EXHAUSTION]

**Table of Authorities**

**Cases**

*Albino v. Baca*, 747 F.3d 1162 (9th Cir. 2014) ...................................................................7, 9

*Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242 (1986)...........................................................7

*Booth v. Churner*, 532 U.S. 731 (2001).................................................................................8

*Branch v. Umphenour*, 2015 WL 5178374, *3 (E.D. Cal. Sept. 4, 2015).........................13

*Brown v. Valoff*, 422 F.3d 926 (9th Cir. 2005)...................................................... 8, 9, 10, 11

*Cato v. Darst*, 2020 WL 2772089, *10 (E.D. Cal. Mar. 23, 2020) ....................................13

*Coleman v. California Dept. of Corrections and Rehabilitation*, 2015 WL 4478156, *3 (E.D. Cal. July 22, 2015) ...................................................................................................................17

*Danny P. v. Catholic Health Initiatives*, 891 F.3d 1155 (9th Cir. 2018)..............................6

*Diaz v. Eagle*, 521 F.3d 1201, 1207 (9th Cir. 2008).............................................................7

*Dixon v. Oleachea*, 2020 WL 5604276 (E.D. Cal. Sept. 18, 2020).................................. 9, 10, 11, 13,

*Easley v. City of Riverside*, 890 F.3d 851 (9th Cir. 2018) ....................................................7

*Eby v. Reb Realty, Inc.*, 495 F.2d 646 (9th Cir. 1974)...........................................................7

*Hammler v. Davis*, 2017 WL 735737, *2 (E.D. Cal. Feb. 23, 2017) ..................................18

*Hexcel Corp. v. Ineos Polymers, Inc.*, 681 F.3d 1055 (9th Cir. 2012) .................................7

*Hines v. Noriega*, 2015 WL 1021313 (E.D. Cal. Mar. 9, 2015) .........................................17

*Jackson v. Fong*, 870 F.3d 928 (9th Cir. 2017)..................................................................16

*Jones v. Bock*, 549 U.S. 199 (2007)...................................................................................8, 9

*Lira v. Herrera*, 427 F.3d 1164 (9th Cir. 2005) ..................................................................9

*Matsushita Elec. Indus. Co. v. Zenith Radio*, 475 U.S. 574 (1986)......................................6

*McKinney v. Carey*, 311 F.3d 1198 (9th Cir. 2002) .............................................................8

*Meador v. Hammer*, 2013 WL 753486, *6 (E.D. Cal. Feb. 27, 2013) ...............................17

*Meeks v. Nunez*, 2015 WL 13022291, *9 (S.D. Cal. Jan. 6, 2015) ....................................17

PLAINTIFF'S OPPOSITION TO DEFENDANTS' MOTION FOR SUMMARY JUDGMENT [EXHAUSTION]

*Mitchell v. Cate*, 2013 WL 635964, *10, n.7 (E.D. Cal. Feb. 20, 2013) ............................................17

*Porter v. Nussle*, 534 U.S. 516 (2002)..........................................................................................8

*Ramirez v. Rose*, 2020 WL 1907445 (E.D. Cal. Mar. 5, 2020)..........................................................16

*Ross v. Blake*, 136 S. Ct. 1850 (2016) .........................................................................................8

*Scott v. Harris*, 550 U.S. 372 (2007) ...........................................................................................7

*Sullivan v. U.S. Department of Navy,* 365 F.3d 827 (9th Cir. 2004)......................................................7

*Thomas v. Cox*, 2019 WL 2509023, **6-7 (D. Nev. May 3, 2019) .......................................................17

*Thrifty Oil Co. v. Bank of Am. Nat'l Tr.*, 322 F.3d 1039 (9th Cir. 2002)................................................7

*Tucker v. Mohr*, 2021 WL 3232492 (E.D. Cal., July 29, 2021)....................................................... 13, 14

*U.S. v. Grigsby*, 469 Fed.Appx. 589 (9th Cir. Feb. 27, 2012)............................................................15

*U.S. v. Lot 4, Block 5 of Eaton Acres*, 904 F.2d 487 (9th Cir. 1990) ........................................................7

*Vaughn v. Hood*, 2015 WL 5020691 (E.D. Cal. Aug. 21, 2015) .........................................................16

*Walker v. Whitten*, 2011 WL 1466882, **3-4 (E.D. Cal. April 18, 2011) ...........................................13

*Willard v. Sebok*, 2016 WL 1742999, **5-9 (C.D. Cal. Mar. 18, 2016).............................................13

*Willis v. Folsom State Prison Medical Staff*, 2012 WL 3283457, *4 (E.D. Cal. Aug. 10, 2012) ........13

*Woodford v. Ngo*, 548 U.S. 81 (2006) ..................................................................................8, 16

**Statutes**

Prison Litigation Reform Act of 1995, 42 U.S.C. §1997e(a)...............................................................8

**Regulations**

Title 15 of the California Code of Regulations ["15 CCR"] § 3084.8(b)(3) .......................... 16, 17, 18

Title 8 of the California Code of Regulations §32130(a), (b).........................................................17

PLAINTIFF'S OPPOSITION TO DEFENDANTS' MOTION FOR SUMMARY JUDGMENT [EXHAUSTION]

## I.    STATEMENT OF FACTS

Plaintiff, Jaime Beltran ("Mr. Beltran") was brutally attacked by two inmates on the C Facility Yard at California State Prison, Sacramento (CSP-SAC), on November 4, 2015, and stabbed 25 times over about 40 seconds, and left to bleed out for approximately 4 minutes, while the Defendant correctional officers did nothing.

In response to this horrific incident, Mr. Beltran filed Appeal Number SAC-C-16-00599 which was received by the CSP-SAC Appeals Office on February 9, 2016. (Plaintiff's Response to Defendants' Statement of Undisputed Fact ["RSUF"] at ¶10). In the appeal, Mr. Beltran alleged that Defendants filed to intervene when he was assaulted by two inmates and failed to respond to the assault for several minutes. (*Id*. at ¶11).

Appeal Number SAC-C-16-00599 bypassed the first level of review, and was partially granted at the second level of review in that the matter was referred for an Office of Internal Affairs ("OIA") investigation. (RSUF at ¶14). The second level response to the appeal contained boilerplate language regarding the availability of further relief, but contained nothing as to what specific further relief was available to Mr. Beltran after the matter was referred to OIA for an investigation. (RSUF at ¶15; Plaintiff's Statement of Disputed Facts ["SDF"] at ¶5). The second level response was mailed to Mr. Beltran on or about February 19, 2016 from another institution, and due to mail time and mailroom processing delay, was received by Mr. Beltran on about February 26, 2016. (SDF at ¶1; RSUF at ¶18).

On March 22, 2016, Mr. Beltran timely submitted Appeal Number SAC-C-16-00599 for third level review by handing the envelope to Correctional Officer Saldana, who sealed it and signed the back of the envelope in front of Mr. Beltran. (SDF at ¶2). The third level appeal was improperly cancelled as untimely, and Mr. Beltran did not appeal the improper cancellation. (RSUF at ¶¶ 21-24).

## II.    SUMMARY JUDGMENT STANDARD

Summary judgment may be granted only if there is no "genuine dispute" as to any material fact. *Matsushita Elec. Indus. Co. v. Zenith Radio*, 475 U.S. 574, 585-86 (1986); *Danny P. v. Catholic*

5

1   *Health Initiatives*, 891 F.3d 1155, 1157 (9th Cir. 2018). A fact dispute is considered "genuine" if there

2   is evidence in the record that would permit a reasonable jury to find for the nonmovant. *Anderson v.*

3   *Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986); *Easley v. City of Riverside*, 890 F.3d 851, 859 (9th Cir.

4   2018). To show a dispute is "genuine," a party must cite specific materials in the record or submit a

5   supporting affidavit or declaration demonstrating a genuine issue of material fact for trial. *Anderson*,

6   477 U.S. at 247; *Hexcel Corp. v. Ineos Polymers, Inc.*, 681 F.3d 1055, 1059 (9th Cir. 2012). Analysis of

7   whether the dispute is "genuine" depends on the substantive evidentiary standard that will apply at trial,

8   and the judge must view the evidence presented through the prism of the substantive evidentiary

9   burden. *Anderson*, 477 U.S. at 254; *U.S. v. Lot 4, Block 5 of Eaton Acres*, 904 F.2d 487, 490 (9th Cir.

10   1990). A fact is considered "material" if it might affect the outcome of the case under applicable

11   substantive law, meaning that the fact is relevant to determinative issues. *Anderson*, 477 U.S. at

12   248; *Thrifty Oil Co. v. Bank of Am. Nat'l Tr.*, 322 F.3d 1039, 1046 (9th Cir. 2002).

13       For summary judgment to be proper, a movant must show that controlling law requires that the

14   movant prevails as a matter of law. *Anderson*, 477 U.S. at 267-68; *Diaz v. Eagle*, 521 F.3d 1201, 1207

15   (9th Cir. 2008). To grant summary judgment, the court must be able to reach the controlling legal issue

16   without resolving any fact disputes. *Anderson*, 477 U.S. at 250; *Eby v. Reb Realty, Inc.*, 495 F.2d 646,

17   649 (9th Cir. 1974).

18       To decide a motion for summary judgment, the court must view the facts in the light most

19   favorable to the nonmoving party and draw all inferences in that party's favor. *Scott v. Harris*, 550 U.S.

20   372, 1776 (2007); *Anderson*, 477 U.S. at 255; *Sullivan v. U.S. Department of Navy*, 365 F.3d 827, 832

21   (9th Cir. 2004).

22       In a summary judgment motion for failure to exhaust, the defendant has the initial burden of

23   establishing "that there was an available administrative remedy, and that the prisoner did not exhaust

24   that available remedy." *Albino v. Baca*, 747 F.3d 1162, 1172 (9th Cir. 2014). If the defendant carries

25   that burden, "the burden shifts to the prisoner to come forward with evidence showing that there is

6

1  something in his particular case that made the existing and generally available administrative remedies

2  effectively unavailable to him*.*" *Albino*, 747 F.3d at 1172. The ultimate burden of persuasion, however,

3  remains with defendant. *Id.*

4     **III.    ARGUMENT**

5        **A.  Summary of the Prison Litigation Reform Act and Exhaustion requirement.**

6        Under the Prison Litigation Reform Act of 1995 ("PLRA"), "[n]o action shall be brought with

7  respect to prison conditions under [42 U.S.C. § 1983], or any other Federal law, by a prisoner confined

8  in any jail, prison, or other correctional facility until such administrative remedies as are available are

9  exhausted." 42 U.S.C. § 1997e(a). Exhaustion is condition precedent to filing a civil rights claim.

10  *Woodford v. Ngo*, 548 U.S. 81, 93 (2006); *see also McKinney v. Carey*, 311 F.3d 1198, 1200 (9th Cir.

11  2002) (stating that "Congress could have written a statute making exhaustion a precondition to

12  judgment, but it did not. The actual statute makes exhaustion a precondition to suit.") (citation omitted).

13  The exhaustion requirement "applies to all inmate suits about prison life." *Porter v. Nussle*, 534 U.S.

14  516, 532 (2002). Further, the nature of the relief sought by the prisoner or the relief offered by the

15  prison's administrative process is of no consequence. *Booth v. Churner*, 532 U.S. 731, 741 (2001). And,

16  because the PLRA's text and intent requires "proper" exhaustion, a prisoner does not satisfy the PLRA's

17  administrative grievance process if he files an untimely or procedurally defective grievance or appeal.

18  *Woodford*, 548 U.S. at 93. A prisoner need not plead or prove exhaustion. Instead it is an affirmative

19  defense that must be proved by defendant. *Jones v. Bock*, 549 U.S. 199, 211 (2007). A prison's internal

20  grievance process, not the PLRA, determines whether the grievance satisfies the PLRA exhaustion

21  requirement. *Id.* at 218.

22        The PLRA recognizes no exception to the exhaustion requirement, and the court may not

23  recognize a new exception, even in "special circumstances." *Ross v. Blake*, 136 S. Ct. 1850, 1862

24  (2016). **The one significant qualifier to the exhaustion requirement is that "the remedies must**

25  **indeed be 'available' to the prisoner."** *Id.* at 1856 (emphasis added). A defendant has the burden of

PLAINTIFF'S OPPOSITION TO DEFENDANTS' MOTION FOR SUMMARY JUDGMENT [EXHAUSTION]

1    showing that "some relief remains 'available.'" *Brown v. Valoff*, 422 F.3d 926, 936-937 (9th Cir. 2005).

2    "To be available, a remedy must be available 'as a practical matter'; it must be 'capable of use; at

3    hand.'" *Albino*, 747 F.3d at 1171 (quoting *Brown,* 422 F.3d at 937). "[A]dministrative procedure is

4    unavailable when (despite what regulations or guidance materials may promise) it operates as a simple

5    dead end—with officers unable or consistently unwilling to provide any relief to aggrieved inmates," or

6    where an "administrative scheme might be so opaque that it becomes, practically speaking, incapable of

7    use." *Ross*, 136 S. Ct. at 1859. And relief does not remain available if "prison administrators thwart

8    inmates from taking advantage of a grievance process through machination, misrepresentation, or

9    intimidation." *Id*. at 1860. Where the court concludes that plaintiff has failed to exhaust available

10   remedies, the proper remedy is dismissal without prejudice of the portions of the complaint barred by §

11   1997e(a). See *Jones*, 549 U.S. at 223-24; *Lira v. Herrera*, 427 F.3d 1164, 1175-76 (9th Cir. 2005).

**B.  Mr. Beltran exhausted his administrative remedies when the second level review referred Appeal Number SAC-C-16-00599 for an OIA investigation.**

**1.  Your Honor recently applied *Brown v. Valoff* in *Dixon v. Oleachea* to find that an inmate exhausted his administrative remedies when an appeal is referred for an OIA investigation.**

The courts of the Eastern District of California have established a clear line of recent rulings

that the decision in *Brown v. Valoff*, 422 F.3d 926 (9th Cir. 2005) <u>compels</u> them to hold that, when a

second level appeal is partially granted and referred to OIA for an investigation, an inmate has

exhausted his administrative appeals.

In *Dixon v. Oleachea*, 2020 WL 5604276 (E.D. Cal. Sept. 18, 2020), Your Honor considered

the issue of exhaustion in an excessive force claim with very similar facts to this case. In *Dixon*, the

plaintiff's claims included excessive force and failure to intervene. Prior to filing his complaint, the

plaintiff timely submitted his prisoner appeal, which he characterized as a "staff complaint." The First

Level Review response (FLR) advised plaintiff that the matter was referred to OIA for a possible

investigation, and also included a boilerplate advisement that plaintiff must appeal through the third

PLAINTIFF'S OPPOSITION TO DEFENDANTS' MOTION FOR SUMMARY JUDGMENT [EXHAUSTION]

1  level if he was dissatisfied with the response in order to exhaust his administrative remedies. *Dixon*,

2  2020 WL 5604276 at **7-8.

3       The *Dixon* plaintiff timely filed for Second Level Review, indicating that he was dissatisfied

4  and adding additional correctional officers' names to his grievance. The Second Level Review (SLR)

5  decision was virtually identical to the FLR decision, again informing plaintiff that the matter was

6  referred to the OIA, that "[a]n investigation is being conducted by the Office of Internal Affairs," and

7  "[t]he inquiry is not yet complete." In the same language provided on the FLR decision, the SLR

8  decision informed plaintiff of the requirement that he exhaust his administrative remedies if he intended

9  to "appeal the decision." Dissatisfied with that response, plaintiff submitted for Third Level Review

10  (TLR), which was screened out because he failed to submit necessary attachments, and when he

11  resubmitted it, was rejected again as lacking a signature. Rather than resubmit the TLR a third time, he

12  filed his civil complaint. *Dixon*, 2020 WL 5604276 at **7-8.

13       Relying upon *Brown v. Valoff*, 422 F.3d 926, 932 (9th Cir. 2005), the Court determined that

14  granting the *Dixon* plaintiff's appeal in part and referring the appeal to OIA for investigation provided

15  all relief that administrative process could provide. The Court explained:

16          "[I]t is the prison's requirements, and not the PLRA, that define the
           boundaries of proper exhaustion." *Jones* at 218, 127 S.Ct. 910. Prisoners
17          must adhere to the prison's "deadlines and other critical procedural rules"
           in pursuing their grievances. *Ngo*, 548 U.S. at 90, 126 S.Ct. 2378. However,
18          "an inmate is required to exhaust those, but only those, grievance
           procedures that are 'capable of use' to obtain 'some relief for the action
19          complained of.' " *Ross*, 136 S. Ct. at 1859 (quoting *Booth v. Churner*, 532
           U.S. 731, 738, 121 S.Ct. 1819, 149 L.Ed.2d 958 (2001)). "The obligation
20          to exhaust 'available' remedies persists as long as some remedy remains
           'available.' Once that is no longer the case, then there are no
21          'remedies...available,' and the prisoner need not further pursue the
           grievance." *Brown v. Valoff*, 422 F.3d 926, 935 (9th Cir. 2005) (original
22          emphasis) (citing *Booth* at 736, 738, 121 S.Ct. 1819).

23  *Dixon,* 2020 WL 5604276 at *4.

24       Further discussing the *Brown v. Valoff* application of the California Department of Corrections

25  of Rehabilitation ("CDCR") regulations to Staff Complaints, the Court wrote:

PLAINTIFF'S OPPOSITION TO DEFENDANTS' MOTION FOR SUMMARY JUDGMENT [EXHAUSTION]

1

2

3

4

5

6

7

8

9

> The rule that inmates be provided only limited information concerning the progress and outcome of staff complaints continues to be reflected in CDCR's Department Operations Manual (DOM). See CDCR DOM § 54100.25.2 (2020). Moreover, **CDCR emergency regulations effective June 1, 2020 make clear that an appeal decision stating that a claim is "Under Inquiry or Investigation" exhausts the inmate's administrative remedies**. An appeal decision identifying a claim as "Under Inquiry or Investigation" means "that the claim is under an allegation inquiry or formal investigation by departmental staff or another appropriate law enforcement agency[.]" Cal. Code Regs. tit. 15, § 3483(i)(8) (2020). Further, "[c]ompletion of the review process by the Institutional or Regional Office of Grievances resulting in a decision found in subsection 3483(i)(8). . . *does constitute exhaustion of all administrative remedies available to a claimant* within the Department. No appeal is available because the claim was exhausted at the conclusion of the review by the Institutional or Regional Office of Grievances." Id. § 3483(m)(2) (emphasis added).

10 *Dixon*, 2020 WL 5604276 at \*6 (emphasis added).

11      Comparing the facts of *Dixon* to the plaintiff in *Brown v. Valoff*, the Court relied upon the fact

12 that defendants did not identify what further relief was available to plaintiff, and rejected defendants'

13 reliance upon boilerplate language in response about pursuing Director's Level of Review when

14 defendants failed to show what relief was available. Quoting from *Brown*, 422 F.3d at 932, the Court

15 stated:

16

17

18

19

20

21

22

> The Court of Appeals agreed, relying on CDCR Administrative Bulletin 98-10 to conclude that "no further relief was 'available' through the appeals process once the staff misconduct investigation was opened." Id. at 939. As summarized by the [*Brown*] Court: "The Bulletin explains that staff misconduct grievances are to be investigated *only* through the staff complaint process, thereby negating any possibility of a parallel investigation through the appeal process. Thus, once Brown's grievance was categorized as a "Staff Complaint" - which the entry in the "appeal issue" box indicates that it was - there was no possibility that it would be investigated again, separately, through the appeal process." Id. at 938-39 (original emphasis) (fn. omitted). The Court emphasized that the Bulletin "shunts off such grievances into the Staff Complaint process." Id. at 939 n.11.

23 *Dixon*, 2020 WL 5604276 at \*\*9-10.

24      In the discussion of the *Dixon* plaintiff's case, the Court explained:

25

PLAINTIFF'S OPPOSITION TO DEFENDANTS' MOTION FOR SUMMARY JUDGMENT [EXHAUSTION]

1

2   The court agrees with plaintiff that his circumstances are more like those
of the *Brown v. Valoff* appellant, who was held to have exhausted his claim
because his "inmate appeal grieved the facts at issue in this suit, and in
granting plaintiff's appeal in part and referring the complaint for

3   investigation by the Office of Internal Affairs, plaintiff was provided all of
the relief that the administrative process could provide." *Brown,* 422 F. 3d

4   at 932 (internal edits omitted).

5   More importantly, as plaintiff asserts, defendants have not identified what
relief would have been available to plaintiff on a TLR review of his staff

6   complaint. The rejections of plaintiff's requests for TLR do not disclose
this information.

7
*Dixon*, 2020 WL 5604276 at **11-12.

8

9       The Court recognized that the majority of courts within Ninth Circuit hold that no further relief

available once a staff complaint is referred for OIA investigation:

10

11   [L]anguage directing a prisoner to pursue further administrative review on
a staff complaint, after an investigation has been ordered, is alone
"insufficient to meet defendants' burden of 'demonstrat[ing] that pertinent

12   relief remain[s] available.'" *Walker*, 2011 WL 1466882, at *4 (fn. omitted),
2011 U.S. Dist. LEXIS 41759, at *9 (fn. omitted) (quoting *Brown*, 422

13   F.3d at 936-37) (collecting cases). *Accord, Smith v. Cruzen*, 2017 WL
7343445, at *9, 2017 U.S. Dist. LEXIS 222552, at *30 (N.D. Cal. May 2,

14   2017) (Case No. 14-cv-04791 LHK PR) ("[E]ven though the language
from the response at the second level of review included information

15   regarding exhaustion, that language appears to be formulaic, and does not
equate to a finding that further relief actually remained available."

16   (citing *Brown*, 422 F.3d at 939)); *Foster v. Verkouteren*, 2009 WL
2485369, at *5, 2009 U.S. Dist. LEXIS 70874, at *14 (S.D. Cal. Aug. 12,

17   2009) (Case No. 08-cv-0554 CAB) (although the inmate was "'specifically
advised' to submit his appeal to the second level review. . . . the advisement

18   appears to be standard language and not a clear indication that further relief
was available to Plaintiff") (citing *Brown*, 422 F.3d at 935 n.10); *Aubert v.*

19   *Elijah*, 2010 WL 3341915, at *6, 2010 U.S. Dist. LEXIS 86798, at *17, 19
(E.D. Cal. Aug. 24, 2010) (Case No. 1:07-cv-01629 LJO GSA PC) (noting

20   that "the <u>Brown</u> court's decision rested on the determination that
Brown *had* no further remedies available, not that he was *not informed* of

21   further remedies," and finding "the fact that Plaintiff was notified about the
Director's Level does not support Defendant's argument that further

22   remedies were available to Plaintiff, or that Plaintiff should have believed
further remedies were available") (original emphasis).

23

24

25

11

PLAINTIFF'S OPPOSITION TO DEFENDANTS' MOTION FOR SUMMARY JUDGMENT [EXHAUSTION]

*Dixon*, 2020 WL 5604276 at *12. The Court therefore held that defendants failed to meet their burden

of proof that plaintiff failed to exhaust his administrative remedies because they failed to identify what

relief was available to plaintiff. *Id*. at *13.

> **2.   *Tucker v. Mohr* and other Ninth Circuit decisions are consistent with the *Dixon* decision.**

Consistent with the *Dixon* decision, several courts in the Ninth Circuit, and specifically in the

Eastern District of California, have held that there is no further relief available when an investigation is

ordered, and defendants fail to show what further relief is available. *See e.g., Branch v. Umphenour*,

2015 WL 5178374, *3 (E.D. Cal. Sept. 4, 2015); *Cato v. Darst*, 2020 WL 2772089, *10 (E.D. Cal.

Mar. 23, 2020); *Walker v. Whitten*, 2011 WL 1466882, **3-4 (E.D. Cal. April 18, 2011); *Willard v.

Sebok*, 2016 WL 1742999, **5-9 (C.D. Cal. Mar. 18, 2016); and *Willis v. Folsom State Prison Medical

Staff*, 2012 WL 3283457, *4 (E.D. Cal. Aug. 10, 2012).

Most recently, in *Tucker v. Mohr*, 2021 WL 3232492 (E.D. Cal., July 29, 2021), Judge Helena

M. Barch-Kuchta of the Eastern District of California followed the same reasoning as the Court did in

*Dixon*. In *Tucker*, the plaintiff filed two separate grievances, including a grievance based on staff

misuse of force against Defendant DeMasters. The grievance pertaining to staff misuse of force

bypassed the first level of review and proceeded directly to the second level of review. The second

level response stated it was "partially granted" and the issue was referred for investigation to the OIA,

further noting that "all issues unrelated to the allegation of staff misconduct must be appealed

separately and will not be addressed in this response." The SLR response also stated that upon

completion of the investigation, the plaintiff would be notified "as to whether the allegations were

SUSTAINED, NOT SUSTAINED, UNFOUNDED, EXONERATED or there was NO FINDING."

(emphasis in original). The response then stated that if the plaintiff wanted to appeal the decision and/or

exhaust administrative remedies, he "must submit your staff complaint appeal through all levels of

appeal review up to, and including, the Secretary/Third Level of Review. Once a decision has been

1  rendered at the Third Level, administrative remedies will be considered exhausted." *Tucker*, 2021 WL

2  3232492 at *2 (quotations omitted).

3        The *Tucker* Defendants filed a motion for summary judgment on exhaustion, just as in this case

4  and as in *Dixon*. In its ruling, the court held:

5          The Court finds the record contains a question of material fact that
        precludes entry of summary judgment as a matter of law in favor of

6          Defendant DeMasters. The significant difference between the Altschuler
        grievances and the DeMasters grievances is that prison authorities partially

7          granted Log No. MCSO-C-18-00219 as to DeMasters. **Here, the issue
        stems from what steps "are available" to an inmate to complete the**

8          **administrative remedy process when an inmate's second-level appeal
        is partially granted, an internal affairs investigation is commenced,**

9          **and then the inmate appears to have not received a response following
        the internal affairs investigation of his claim.**

10

11          Defendant DeMasters contends a third-level review was necessary.
        However, **this Circuit does not require an inmate to file a third-level**

12          **appeal to exhaust when prison authorities partially grant a grievance.**
        See *Brown v. Valoff*, 422 F.3d 926 (9th Cir. 2005) (finding inmate

13          exhausted all available remedies); *Dixon v. Oleachea*, Case No. 2:15-cv-
        23720KJM-AC-P, 2020 WL 5604276 *12 (E.D. Ca. Sept. 17, 2020)

14          (noting most courts within this circuit have held that Brown compels the
        conclusion that a prisoner's administrative remedies are exhausted with an
        OIA investigation is ordered) (citing *Walker v. Whitten*, 2011 WL 1466882

15          *3 (E.D. Ca. Apr. 18, 2016) (other citations omitted)).

16  *Tucker*, 2021 WL 3232492 *at* *7.

17        The *Tucker* court additionally stated that the broad language directing the plaintiff to appeal the

18  SLR was insufficient: "Indeed, the response in the instant case contained language directing Tucker to

19  appeal, unlike the response to the inmate in *Brown*. However, including language in a response that the

20  inmate must appeal is insufficient if there remains no available remedy." *Tucker*, 2021 WL 3232492 at

21  *8 (citing *Dixon*, 2020 WL 5604276 *11).

22       **3.**  **Mr. Beltran's facts parallel those of *Dixon* and *Tucker*, and the same reasoning**
         **therefore should be applied.**

23

24        Mr. Beltran's case is very similar to those of *Dixon* and *Tucker,* and the court should apply the

25  same reasoning here. Mr. Beltran's Appeal Number SAC-C-16-00599 was based on claims of staff

PLAINTIFF'S OPPOSITION TO DEFENDANTS' MOTION FOR SUMMARY JUDGMENT [EXHAUSTION]

1  misconduct, where the C Facility Yard guards ignored the stabbing attack for several minutes, nearly

2  resulting in his death. The second level response to the appeal states in the "Determination of Issue"

3  section that the "appeal was referred for an investigation." (RSUF at ¶14; SDF at ¶4). Like the *Dixon*

4  second level response, Mr. Beltran's second level response only contains boilerplate language

5  regarding the availability of further relief, and contains nothing as to what "specific" further relief was

6  available to Mr. Beltran after the appeal was referred for an OIA investigation. (RSUF at ¶15; SDF at

7  ¶5). Just as in *Dixon* and *Tucker*, the boilerplate language in Mr. Beltran's second level response

8  concerning appealing to the Director's Level of Review is insufficient to show what further relief was

9  in fact available. Additionally, in their initial brief, Defendants failed to explain what further relief was

10  available to Mr. Beltran.[1] Thus, *Dixon* and *Tucker* compel the conclusion that Mr. Beltran exhausted

11  his administrative remedies.

12        The *Dixon v. Oleachea* and *Tucker v. Mohr* cases out of this district clearly illustrate the court's

13  rationale with regard to exhaustion when a second level appeal is referred to OIA for an investigation.

14  The Court should follow the clear line of cases from the Eastern District of California, based solidly

15  upon the Ninth Circuit's decision in *Brown v. Valoff,* to find that Mr. Beltran exhausted his

16  administrative remedies when the second level appeal was partially granted and referred to OIA for

17  investigation.

18           **4.   The cases relied upon by Defendants are easily distinguishable.**

19        On pages 6-7 of their brief, Defendants cite cases that generally state the law pertaining to

20  exhaustion. As will be set forth below, the cases cited by Defendants are easily distinguishable from

21  this case, and do not fit in the line of Eastern District of California cases applying *Brown v. Valoff.*

22

23  _____

24

25  [1] This Court should reject any arguments about further relief raised by Defendants in reply brief, because any arguments raised for the first time in a reply brief are deemed waived because considering such arguments would deprive Mr. Beltran of the opportunity to respond. See *U.S. v. Grigsby*, 469 Fed.Appx. 589, 591 (9th Cir. Feb. 27, 2012).

PLAINTIFF'S OPPOSITION TO DEFENDANTS' MOTION FOR SUMMARY JUDGMENT [EXHAUSTION]

1   In *Woodford v. Ngo*, 548 U.S. 81 (2006), the inmate's first level appeal was properly cancelled

2   as untimely and there was no OIA investigation ordered. Here, Mr. Beltran's first level appeal was

3   bypassed to the second level due to the staff misconduct allegations, and at the second level, an OIA

4   Investigation was ordered.

5   In *Jackson v. Fong*, 870 F.3d 928 (9th Cir. 2017), the inmate's appeal was cancelled when he

6   was released and no OIA investigation was ordered. Similarly, in *Ramirez v. Rose*, 2020 WL 1907445

7   (E.D. Cal. Mar. 5, 2020), and in *Vaughn v. Hood*, 2015 WL 5020691 (E.D. Cal. Aug. 21, 2015), no

8   OIA investigations were ordered.

9   As discussed at length above, because Mr. Beltran was informed in the second level response

10  that an OIA investigation was ordered.  Mr. Beltran therefore had exhausted his administrative

11  remedies.

12  **C. Even if the Court finds that Mr. Beltran did not exhaust his administrative remedies,**
    **the Court should excuse exhaustion as unavailable because the CDCR improperly**
13  **cancelled Appeal Number SAC-C-16-00599.**

14  The CDCR improperly cancelled Mr. Beltran's Appeal Number SAC-C-16-00599 at the third

15  level of review, wrongly claiming that submission of the appeal for third level review was untimely.

16  (RSUF at ¶¶18-21). The second level response was mailed to Mr. Beltran on February 19, 2016, from

17  an institution other than where Mr. Beltran resides. (RSUF at ¶18; SDF at ¶1). The time period for Mr.

18  Beltran to submit the appeal for third level review did not begin to run when the second level response

19  was mailed, but instead when the second level response was received by Mr. Beltran. *See* Title 15 of

20  the California Code of Regulations ["15 CCR"] § 3084.8(b)(3) (stating that "[a]n inmate or parolee

21  must submit the appeal within 30 calendar days of . . . [u]pon <u>receiving</u> an unsatisfactory department

22  response to an appeal filed.") (emphasis added). Due to mailing time and mailroom processing delays,

23  Mr. Beltran did not receive the second level response until about February 26, 2016. (RSUF at ¶18;

24  SDF at ¶1).

25

PLAINTIFF'S OPPOSITION TO DEFENDANTS' MOTION FOR SUMMARY JUDGMENT [EXHAUSTION]

1    Pursuant to 15 CCR §3084.8(b)(3), Mr. Beltran had 30 days from receiving the second level

2  response on February 26, 2016 to submit Appeal Number SAC-C-16-00599 for third level review. The

3  Court may take judicial notice that 30 days from February 26, 2016 was Sunday, March 27, 2016. *See*

4  *Thomas v. Cox*, 2019 WL 2509023, **6-7 (D. Nev. May 3, 2019) (recognizing that courts routinely

5  take judicial notice of calendar dates). Accordingly, Mr. Beltran's submission of Appeal Number SAC-

6  C-16-00599 for third level review was due by Monday, March 28, 2016. *See* 15 CCR §3084.8(b)(3);

7  Title 8 of the California Code of Regulations §32130(a) and (b). Mr. Beltran's submission of Appeal

8  Number SAC-C-16-00599 for third level review on March 22, 2016 therefore was timely. *See id.*

9  Because Mr. Beltran timely submitted his appeal for third level review, the CDCR's cancellation for

10  untimeliness was improper. *See id.*

11    Your Honor has already determined that the improper cancellation of an appeal as untimely

12  excuses the exhaustion requirement. *Mitchell v. Cate*, 2013 WL 635964, *10, n.7 (E.D. Cal. Feb. 20,

13  2013); *see also Meador v. Hammer*, 2013 WL 753486, *6 (E.D. Cal. Feb. 27, 2013) (stating that

14  institution's failure to follow procedures defeats defense of non-exhaustion.). Consistent with *Mitchell*,

15  other courts in the Ninth Circuit have held that exhaustion is excused when an appeal is improperly

16  rejected on procedural grounds. *See e.g., Coleman v. California Dept. of Corrections and*

17  *Rehabilitation*, 2015 WL 4478156, *3 (E.D. Cal. July 22, 2015); *Meeks v. Nunez*, 2015 WL 13022291,

18  *9 (S.D. Cal. Jan. 6, 2015).

19    Defendants may argue that exhaustion should not be excused because Mr. Beltran did not

20  appeal the cancellation decision. The Court should reject such an argument, like the *Meeks* court did,

21  because it was the prison officials, not the prisoner, who erred by rejecting the appeal as untimely. 2015

22  WL 13022291 at *9. Defendants should not benefit from their improper cancellation of Mr. Beltran's

23  appeal.

24    Additionally, in *Hines v. Noriega*, 2015 WL 1021313 (E.D. Cal. Mar. 9, 2015), Your Honor

25  ruled that appeal of a third level cancellation is not necessary if pursuit of such an appeal would be

PLAINTIFF'S OPPOSITION TO DEFENDANTS' MOTION FOR SUMMARY JUDGMENT [EXHAUSTION]

1 futile. In *Hines*, the Court found that an appeal of an improper cancellation for untimeliness would be

2 futile because an appeal of the cancellation would have been denied on same grounds. 2015 WL

3 1021313 at *13. Again, it all comes down to availability of a remedy. Had Mr. Beltran appealed the

4 cancellation of his third level appeal, the result would have been the same – improper rejection once

5 again on the same untimeliness grounds. Therefore, no remedy was available to him through appealing

6 the improper cancellation, which should excuse the exhaustion requirement. *See Hines*, 2015 WL

7 1021313 at *13.

8        **D. Even if the Court concludes that Mr. Beltran did not exhaust his administrative remedies, and finds that exhaustion is not excused due to improper cancellation, the**

9        **Court should excuse exhaustion because the CDCR thwarted Mr. Beltran through misrepresentation.**

10

11        In *Hammler v. Davis*, Your Honor recognized that exhaustion should be excused when prison

12 officials thwart inmates from taking advantage of the administrative grievance process through

13 misrepresentation. 2017 WL 735737, *2 (E.D. Cal. Feb. 23, 2017). In this case, the CDCR

14 misrepresented the administrative grievance process to Mr. Beltran.

15        In the CDCR's second level response to Mr. Beltran's Appeal Number SAC-C-16-00599, the

16 instructions for seeking third level review stated that the request for third level review must be

17 "received" within 30 days of the second level response. (SDF at ¶3). This instruction expressly

18 contradicts 15 CCR § 3084.8(b)(3), which provides that an inmate must submit an appeal within 30

19 days of receiving a response. Thus, the CDCR attempted to thwart Mr. Beltran through

20 misrepresentation, which should excuse the exhaustion requirement. *See Hammler*, 2017 WL 735737 at

21 *2.

22    IV.    **CONCLUSION**

23        For any and all of the reasons discussed herein, Plaintiff, Jaime Beltran respectfully requests

24 that the Court deny Defendants' motion for summary judgment.

25

17

PLAINTIFF'S OPPOSITION TO DEFENDANTS' MOTION FOR SUMMARY JUDGMENT [EXHAUSTION]

1    Respectfully submitted this 3rd day of September, 2021,

2    LAW OFFICE OF JARRETT ADAMS, PLLC

3    By: /s/ Lillian C. (Munoz) Gaither

4    Lillian C. (Munoz) Gaither, Esq. #279427
     Jarrett Adams, *pro hac vice*
5    Law Office of Jarrett Adams, PLLC
     40 Fulton Street, Floor 17
6    New York, NY 10038
     Ph: (646) 880-9707
7    Fax: (646) 880-9707
     Lillian@jarrettadamslaw.com
8    JAdams@jarrettadamslaw.com

9    Attorneys For Plaintiff, Jaime Beltran

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

PLAINTIFF'S OPPOSITION TO DEFENDANTS' MOTION FOR SUMMARY JUDGMENT [EXHAUSTION]

**CERTIFICATE OF SERVICE**

I hereby certify that on this 3rd day of September 2021, the above and foregoing has been served electronically on all counsel of record.

/s/ Lillian C. Gaither
Lillian C. Gaither (previously Lillian Munoz)

**SERVICE LIST**

Olena Likhachova
Email:  Olena.Likhachova@doj.ca.gov

*Attorney for Defendants*

19

PLAINTIFF'S OPPOSITION TO DEFENDANTS' MOTION FOR SUMMARY JUDGMENT [EXHAUSTION]