Lillian C. (Munoz) Gaither, Esq. #279427
Jarrett Adams, *pro hac vice*
Law Office of Jarrett Adams, PLLC
40 Fulton Street, Floor 17
New York, NY 10038
Ph: (646) 880-9707
Fax: (646) 880-9707
Lillian@jarrettadamslaw.com
JAdams@jarrettadamslaw.com

Attorneys For Plaintiff, Jaime Beltran

**IN THE UNITED STATES DISTRICT COURT**

**FOR THE EASTERN DISTRICT OF CALIFORNIA**

**SACRAMENTO DIVISION**

| | |
|---|---|
| JAIME BELTRAN,<br><br>    Plaintiff,<br><br>    v.<br><br>BAKER, et al,<br><br>    Defendants. | Case No.  2:17-cv-01520 TLN AC<br><br>PLAINTIFF'S RESPONSE TO STATEMENT OF UNDISPUTED FACTS IN SUPPORT OF DEFENDANTS' MOTION FOR SUMMARY JUDGMENT (EXHAUSTION)<br><br>Judge: Hon. Allison Claire<br>Trial Date: Not set.<br>Action filed: July 21, 2017 |

Pursuant to United States District Court for the Eastern District of California Civil Rule 260(b), Plaintiff, Jaime Beltran respectfully submits this response to the Statement of Undisputed Facts in support of Defendants' Motion for Summary Judgment. Plaintiff's responses and the facts contained therein are submitted only for the purposes of responding to Defendants' Motion for Summary Judgment. Plaintiff specifically reserves the right to present new and/or different facts as this case proceeds.

1

PLAINTIFF'S RESPONSE TO STATEMENT OF UNDISPUTED FACTS IN SUPPORT OF DEFENDANTS' MOTION FOR SUMMARY JUDGMENT (EXHAUSTION)

1. The California Department of Corrections and Rehabilitation (CDCR) uses a program called the Inmate Appeals Tracking System (IATS) to electronically log and track inmate administrative appeals through all levels of review. (Contreras Decl. at ¶ 4; Moseley Decl. at 3.).

**Plaintiff's Response: Admits.**

2. At all relevant times, CDCR and the California State Prison, Sacramento (CSP-SAC) Appeals Office had an administrative process available for inmates to submit appeals. (Contreras Decl. at ¶ 3; Moseley Decl. at ¶¶ 2-4.).

**Plaintiff's Response: Admits.**

3. The CSP-SAC Appeals Offices receives, reviews, and tracks all non-medical inmate appeals submitted for first and second-level review concerning events there. Accepted first and second-level appeals are assigned a log number in the institutions' IATS system. (Contreras Decl. at ¶¶ 2, 5, 7.).

**Plaintiff's Response: Admits.**

4. CDCR's Office of Appeals (OOA) receives, reviews, and maintains inmates' non-medical appeals accepted at the third and final level of administrative review. When OOA receives an appeal, it is assigned a third level tracking number and entered into OOA's computer tracking system. (Moseley Decl. at ¶¶ 2-4.).

**Plaintiff's Response: Admits.**

5. The events that are the subject of this lawsuit are claimed to have occurred at CSP-SAC on November 4, 2015. (Complaint, ECF No. 1.).

**Plaintiff's Response: Admits.**

6. Plaintiff filed his Complaint on July 21, 2017. (Complaint, ECF No. 1.).

**Plaintiff's Response: Admits.**

2

PLAINTIFF'S RESPONSE TO STATEMENT OF UNDISPUTED FACTS IN SUPPORT OF DEFENDANTS' MOTION FOR SUMMARY JUDGMENT (EXHAUSTION)

7.     From November 4, 2015 through July 21, 2017, Plaintiff submitted only two inmate appeals to the CSP-SAC Appeals Office. (Contreras Decl. at ¶ 8-10; Exhibit 1 to Contreras Decl.).

**Plaintiff's Response:  Admits.**

8.     Appeal log no. SAC-H-16-00192 was received by the CSP-SAC Appeals Office on January 11, 2016. (Contreras Decl. at ¶ 9; Exhibit 2 to Contreras Decl.).

**Plaintiff's Response:  Admits.**

9.     Appeal log no. SAC-H-16-00192 did not grieve Defendants' purported misconduct on November 4, 2015. (Contreras Decl. at ¶ 9; Exhibit 2 to Contreras Decl.).

**Plaintiff's Response:  Admits.**

10.    Appeal log no. SAC-C-16-00599 was received by the CSP-SAC Appeals Office on February 9, 2016. (Contreras Decl. at ¶ 10; Exhibit 3 to Contreras Decl. at 1.).

**Plaintiff's Response:  Admits.**

11.    In appeal log no. SAC-C-16-00599 Plaintiff alleged that on November 4, 2015, Defendants failed to intervene when Plaintiff was assaulted by two inmates, and failed to respond to the assault for several minutes. (Exhibit 3 to Contreras Decl. at 1 and 3.).

**Plaintiff's Response:  Admits.**

12.    In appeal log no. SAC-C-16-00599 Plaintiff requested (a) assignment of "an unbiased / uninvolved party to investigate CSP-SAC officials' oversight / neglect"; (b) to be free from "adverse future actions / retaliation"; (c) compensation for damages; and (d) medical accommodation. (Exhibit 3 to Contreras Decl. at 1 and 3.).

**Plaintiff's Response:  Admits.**

13.    Appeal log no. SAC-C-16-00599 bypassed the first level of review. (Contreras Decl. at ¶ 10.).

**Plaintiff's Response:  Admits.**

14. Appeal log no. SAC-C-16-00599 was partially granted at the second level of review, in that the matter was referred to the Office of Internal Affairs for review and possible investigation. (Contreras Decl. at ¶ 10; Exhibit 3 to Contreras Decl. at 5.).

**Plaintiff's Response:  Denies that Plaintiff's Appeal Number SAC-C-16-00599 was referred to the Office of Internal Affairs ("OIA") for a "possible" investigation. The second level response to Plaintiff's Appeal Number SAC-C-16-00599 states in the "Determination of Issue" section that the "appeal was referred for an investigation." (Declaration of Howard E. Moseley ["Moseley Dec."], Exhibit 2 at p.6).**

15. Plaintiff was specifically informed that "[a]llegations of staff misconduct do not limit or restrict the availability of further relief via the inmate appeals process". (Exhibit 3 to Contreras Decl. at 5-6.).

**Plaintiff's Response:  Denies that Plaintiff was "specifically informed" of what further relief was available once Appeal Number SAC-C-16-00599 was referred to the OIA for an investigation. The second level response to Appeal Number SAC-C-16-00599 only contains boilerplate language regarding the availability of further relief, and contains nothing as to what "specific" further relief was available to Plaintiff after the appeal was referred for an investigation. (Mosely Dec., Exhibit 2 at p.6).**

16. Plaintiff was also informed that he was required to submit his staff complaint appeal through all levels of appeal review up to, and including, the Secretary's Level of Review, and that his administrative remedies would be considered exhausted once a decision has been rendered at the third level of review. (Exhibit 3 to Contreras Decl. at 6.).

**Plaintiff's Response:  Admits that the second level response to Plaintiff's Appeal Number SAC-C-16-00599 contains the information set forth in Statement of Undisputed Fact Number 16. Denies that Plaintiff needed a decision at the third level to exhaust his administrative remedies**

because Plaintiff exhausted his administrative remedies when the second level response to Appeal Number SAC-C-16-00599 referred the appeal for an OIA investigation. *See Dixon v. Oleachea*, 2020 WL 5604276, **8-13 (E.D. Cal. Sept. 18, 2020).

17. The fact that Plaintiff's allegations were referred for investigation by the Office of Internal Affairs did not exhaust Plaintiff's administrative remedies because all grievances are subject to review or modification at the third level review. (Cal. Code Regs. tit. 15, §§ 3084(d), 3084.7(i), and 3084.9(i)).

**Plaintiff's Response: Objects because Statement of Undisputed Fact Number 17 is not a fact but instead an improper and incorrect legal conclusion. Subject to and without waiving the objection, denies because Plaintiff exhausted his administrative remedies when the second level response to Appeal Number SAC-C-16-00599 referred the appeal for an OIA investigation. *See Dixon*, 2020 WL 5604276 at **8-13.**

18. The second level response was delivered to Plaintiff on February 19, 2016. (Exhibit 3 to Contreras Decl. at 2.).

**Plaintiff's Response: Objects as irrelevant because it does not matter when the second level response to Appeal Number SAC-C-16-00599 was "delivered" to Plaintiff. The time limit for Plaintiff to submit Appeal Number SAC-C-16-00599 for third level review began to run when the second level response was <u>received</u> by Plaintiff. *See* Title 15 of the California Code of Regulations ["15 CCR"] § 3084.8(b)(3) (stating that "[a]n inmate or parolee must submit the appeal within 30 calendar days of . . . [u]pon <u>receiving</u> an unsatisfactory department response to an appeal filed.") (emphasis added). Subject to and without waiving the objection, denies that Plaintiff received the second level response to Appeal Number SAC-C-16-00599 on February 19, 2016. Plaintiff did not receive the second level response to Appeal Number SAC-C-16-00599 until about February 26, 2016 because the response was mailed on February 19 from a different institution than where**

5

PLAINTIFF'S RESPONSE TO STATEMENT OF UNDISPUTED FACTS IN SUPPORT OF DEFENDANTS' MOTION FOR SUMMARY JUDGMENT (EXHAUSTION)

1 **Plaintiff resides and because of delays in the mailroom at the institution where Plaintiff resides.**

2 **(Declaration of Jaime Beltran, dated September 2, 2021 ["Beltran Dec."] at ¶3).**

3     19.    Plaintiff submitted appeal log no. SAC-C-16-00599 for mailing to OOA for third level

4 review on March 22, 2016. (Exhibit 2 to Moseley Decl. at 3, 10-11.).

5     **Plaintiff's Response:  Admits.**

6     20.    In his appeal to the third level of review, Plaintiff stated that he was dissatisfied with the

7 appeal decision at the second level of review, reiterated his "claims and actions requests", and indicated

8 his expectation that "the reviewers will do what is necessary and just and within their authority."

9 (Exhibit 2 to Moseley Decl. at 3.).

10     **Plaintiff's Response:  Admits.**

11     21.    OOA cancelled appeal log no. SAC-C-16-00599 on July 5, 2016 under section

12 3084.6(c)(4) of Title 15 of the California Code of Regulations for Plaintiff's failure to submit the

13 grievance to OOA within thirty calendar days of receiving the Second Level Response. (Moseley Decl.

14 at ¶ 8; Exhibit 2 to Moseley Decl. at 1; Cal. Code Regs., tit. 15 §§ 3084.8(b), 3084.6(c)).

15     **Plaintiff's Response:  Admits that the California Department of Corrections and**

16 **Rehabilitation's Office of Appeals cancelled Plaintiff's Appeal Number SAC-C-16-00599,**

17 **claiming that the submission of the appeal for third level review was untimely. Denies that**

18 **Plaintiff's submission of Appeal Number SAC-C-16-00599 for third level review was untimely.**

19 **Pursuant to 15 CCR §3084.8(b)(3), Plaintiff had 30 days from receiving the second level response**

20 **to submit Appeal Number SAC-C-16-00599 for third level review. Plaintiff did not receive the**

21 **second level response until about February 26, 2016. (Beltran Dec. at ¶3). The Court may take**

22 **judicial notice that 30 days from February 26, 2016 was Sunday, March 27, 2016.** *See Thomas v.*

23 *Cox*, **2019 WL 2509023, \*\*6-7 (D. Nev. May 3, 2019) (recognizing that courts routinely take**

24 **judicial notice of calendar dates). Accordingly, Plaintiff's submission of Appeal Number SAC-C-**

25

**16-00599 for third level review was due by Monday, March 28, 2016.** *See* **15 CCR §3084.8(b)(3); Title 8 of the California Code of Regulations §32130(a) and (b). Plaintiff's submission of Appeal Number SAC-C-16-00599 for third level review on March 22, 2016 therefore was timely.** *See id.*

22. Plaintiff was specifically informed that he could appeal the cancellation of his grievance (appeal log no. SAC-C-16-00599) by submitting a separate appeal to the appeals office that issued the cancellation within thirty calendar days from the date of cancellation. (Exhibit 2 to Moseley Decl. at 1.).

**Plaintiff's Response:  Admits.**

23. Plaintiff did not appeal the July 5, 2016 third level cancellation decision regarding his appeal log no. SAC-C-16-00599. (Moseley Decl. at ¶¶ 7-8; Exhibit 1 to Moseley Decl.).

**Plaintiff's Response:  Admits.**

24. From November 4, 2015 through July 21, 2017, Plaintiff did not submit any other appeals. (Contreras Decl. at ¶ 11; Exhibit 1 to Contreras Decl.; Moseley Decl. at ¶¶ 7-8; Exhibit 1 to Moseley Decl.).

**Plaintiff's Response:  Admits.**

Dated:  September 3, 2021

                Respectfully submitted,

                /s/Lillian C. Gaither, Esq.
                Lillian C. Gaither (previously Lillian Munoz), Esq. #279427
                Jarrett Adams, *pro hac vice*
                Law Office of Jarrett Adams, PLLC
                40 Fulton Street, Floor 17
                New York, NY 10038
                Ph:  (646) 880-9707
                Fax:  (646) 880-9707
                Lillian@jarrettadamslaw.com
                JAdams@jarrettadamslaw.com

                Attorneys For Plaintiff, Jaime Beltran

**CERTIFICATE OF SERVICE**

I hereby certify that on this 3rd day of September 2021, the above and foregoing has been served electronically on all counsel of record.

/s/ Lillian C. Gaither
Lillian C. Gaither (previously Lillian Munoz)

**SERVICE LIST**

Olena Likhachova
Email:  Olena.Likhachova@doj.ca.gov

*Attorney for Defendants*