ROB BONTA, State Bar No. 202668
Attorney General of California
TRACY S. HENDRICKSON, State Bar No. 155081
Supervising Deputy Attorney General
OLENA LIKHACHOVA, State Bar No. 285574
Deputy Attorney General
 1300 I Street, Suite 125
 P.O. Box 944255
 Sacramento, CA 94244-2550
 Telephone: (916) 210-6332
 Fax: (916) 324-5205
 E-mail: Olena.Likhachova@doj.ca.gov
*Attorneys for Defendants*
*D. Tran, M. Swett, E. Baker, G. Smith,*
*B. Cross and T. Guerra*

IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

SACRAMENTO DIVISION

| | |
|---|---|
| **JAIME BELTRAN,**<br><br>　　　　　　　　　　　Plaintiff,<br><br>　v.<br><br>**BAKER, et al.,**<br><br>　　　　　　　　　　　Defendants. | 2:17-cv-01520 TLN AC<br><br>**DEFENDANTS' REQUEST FOR AN EXTENSION OF TIME TO REPLY TO PLAINTIFF'S OPPOSITION TO DEFENDANTS' MOTION FOR SUMMARY JUDGMENT (EXHAUSTION) (RE: ECF NO. 52) AND TO CONTINUE THE MOTION HEARING DATE**<br><br>Hearing Date: September 22, 2021<br>Hearing Time: 10:00 a.m.<br>Judge:　　　The Honorable Allison Claire<br>Trial Date:　　Not Set<br>Action Filed: July 21, 2017 |

　　　Plaintiff Beltran, an inmate represented by legal counsel and proceeding under 28 U.S.C. § 1983, sues Defendants Tran, Swett, Baker, Smith, Cross and Guerra for allegedly violating his Eighth Amendment rights. On July 30, 2021, Defendants moved for summary judgment on the ground that Plaintiff failed to exhaust his administrative remedies before filing suit, as is required

1

by the Prison Litigation Reform Act (PLRA). (ECF No. 46.) Specifically, although Plaintiff submitted a relevant grievance, his grievance was correctly cancelled at the third level of review for untimeliness, and Plaintiff failed to challenge that cancellation decision.

For the reasons stated immediately below, Defendants request a fourteen-day extension of time to file their Reply, up to and including September 29, 2021, to address Plaintiff's Opposition arguments, Plaintiff's objections to Defendants' statement of undisputed facts, as well as the new allegations that Plaintiff raises in his Opposition concerning the purported unavailability of prison administrative remedies.

In his Opposition, Plaintiff claims that he was thwarted from exhausting administrative remedies at the third level of review due to improper cancellation of his operative inmate appeal (Appeal Log Number SAC-C-16-00599) as untimely. (ECF No. 52 at 15-17.) In his supporting declaration, Plaintiff claims that he "did not receive the second level response to Appeal # SAC-C-16-00599 until about February 26, 2016 because the response was mailed on February 19 from a different institution than where I reside and because of delays in the mailroom at the institution where I reside." (ECF No. 52-3 at ¶ 3; *see also* ECF No. 52-2 at ¶ 1 and ECF No. 52-1 at 5-6.)

Plaintiff further claims that he was not required to exhaust his administrative remedies at the third level of review because his claims against Defendants were exhausted when Plaintiff's staff misconduct allegations were referred to the Office of Internal Affairs for investigation. (ECF No. 52 at 8-14.) Plaintiff disputes that the referral made to the Office of Internal Affairs was for "possible" investigation and appears to claim that his staff misconduct allegations were in fact investigated by the Office of Internal Affairs. (ECF No. 52-1 at 4.)

Plaintiff also claims that he fully and properly complied with the PLRA exhaustion requirements because no administrative remedies remained available to him at the third level of review, and disputes that the referral of Plaintiff's misconduct allegations to the Office of Internal Affairs for possible investigation did not exhaust Plaintiff's available administrative remedies. (ECF No. 52 at 11-14; and ECF No. 52-1 at 5.)

///

///

2

Defs.' Request for Extension of Time to File Reply to Pl.'s Opp'n to Mot. Summ. J. (2:17-cv-01520 TLN AC)

As discussed in the declaration, below, defense counsel is currently investigating Plaintiff's new allegations and purported evidence, and is in the process of contacting relevant CDCR staff to determine and provide counter evidence for the Court's consideration.

Moreover, having had thirty-five (35) calendar days to prepare his Opposition to Defendants' exhaustion motion, Plaintiff submitted a seventeen-page Opposition brief citing to thirty-eight (38) different court opinions and objected to six of Defendants' twenty-four statements of undisputed fact. (ECF No. 52 and ECF No. 52 -1.) As a result, defense counsel is unable to reasonably complete preparation of Defendants' Reply brief and obtain the necessary evidence to address Plaintiff's arguments and objections within six working days available before the current filing deadline for Defendant's Reply to Plaintiff's Opposition.

The present request is therefore made in the interest of justice and judicial economy, as the additional time will allow Defendants to prepare a more thorough Reply on the pending exhaustion issue, which may dispose of this case summarily and without the need for a trial.

In light of the foregoing, Defendants request an additional fourteen days to file their Reply and supporting evidence, up to and including September 29, 2021. Defendants also request that the hearing on Defendant's exhaustion motion presently set for September 22, 2021 be continued to the first available hearing date following September 29, 2021.

Dated:  September 13, 2021                    Respectfully submitted,

ROB BONTA
Attorney General of California
TRACY S. HENDRICKSON
Supervising Deputy Attorney General


*/s/ Olena Likhachova*
OLENA LIKHACHOVA
Deputy Attorney General
*Attorneys for Defendants*
*D. Tran, M. Swett, E. Baker, G. Smith,*
*B. Cross and T. Guerra*

SA2020100803
35458600.docx

3

Defs.' Request for Extension of Time to File Reply to Pl.'s Opp'n to Mot. Summ. J. (2:17-cv-01520 TLN AC)

**DECLARATION OF OLENA LIKHACHOVA**

I, Olena Likhachova, declare:

1.  I am employed by the California Department of Justice as a Deputy Attorney General. I am licensed to practice before all of the courts of the State of California, and am admitted to practice in the United States District Court for the Eastern District of California. I am counsel of record for Defendants as of July 16, 2021.

2.  On July 30, 2021, Defendants moved for summary judgment on the ground that Plaintiff failed to exhaust his administrative remedies before filing suit, as is required by the Prison Litigation Reform Act (PLRA). (ECF No. 46.) Specifically, although Plaintiff submitted a relevant grievance, his grievance was correctly cancelled at the third level of review for untimeliness, and Plaintiff failed to challenge that cancellation decision.

3.  On September 3, 2021, Plaintiff filed an Opposition to Defendants' exhaustion motion, including: (a) Plaintiff's seventeen-page memorandum of points and authorities containing citations to thirty-eight different cases (ECF No. 52); (b) Plaintiff's response to Defendants' statement of undisputed facts, containing objections and denials as to six of Defendants' twenty-four statements of fact (ECF No. 52-1); (c) Plaintiff's statement of disputed facts (ECF No. 52-2); and (d) Plaintiff's declaration in support of his Opposition (ECF No. 52-3).

4.  In his Opposition, Plaintiff claims that he was thwarted from exhausting administrative remedies at the third level of review due to improper cancellation of his operative inmate appeal (Appeal Log Number SAC-C-16-00599) as untimely. (ECF No. 52 at 15-17.) In his supporting declaration, Plaintiff claims that he "did not receive the second level response to Appeal # SAC-C-16-00599 until about February 26, 2016 because the response was mailed on February 19 from a different institution than where I reside and because of delays in the mailroom at the institution where I reside." (ECF No. 52-3 at ¶ 3; *see also* ECF No. 52-2 at ¶ 1 and ECF No. 52-1 at 5-6.)

5.  Plaintiff further claims that he was not required to exhaust his administrative remedies at the third level of review because his claims against Defendants were exhausted when Plaintiff's staff misconduct allegations were referred to the Office of Internal Affairs for

4

Defs.' Request for Extension of Time to File Reply to Pl.'s Opp'n to Mot. Summ. J. (2:17-cv-01520 TLN AC)

investigation. (ECF No. 52 at 8-14.) Plaintiff disputes that the referral made to the Office of Internal Affairs was for "possible" investigation and appears to claim that his staff misconduct allegations were in fact investigated by the Office of Internal Affairs. (ECF No. 52-1 at 4.)

6. Plaintiff also claims that he fully and properly complied with the PLRA exhaustion requirements because no administrative remedies remained available to him at the third level of review, and disputes that the referral of Plaintiff's misconduct allegations to the Office of Internal Affairs for possible investigation did not exhaust Plaintiff's available administrative remedies. (ECF No. 52 at 11-14; and ECF No. 52-1 at 5.)

7. In investigating Plaintiff's position in his opposition, I contacted litigation and appeals coordinators at: (a) California State Prison – Sacramento (where the incident giving rise to Plaintiff's Complaint occurred in 2015, which is the point of origin of the second level response to Plaintiff's Appeal Log Number SAC-C-16-00599); (b) California State Prison – Folsom (where Plaintiff was housed in February 2019 when the second level response dated February 16, 2019 was delivered to him); and (c) Salinas Valley State Prison (where Plaintiff resided on March 22, 2016 when he submitted his Appeal Log Number SAC-C-16-00599 for mailing to the third level of review, which received Plaintiff's appeal on March 28, 2016). I also contacted the Office of Appeals, which handled cancellation of Plaintiff's Appeal Log Number SAC-C-16-00599 and acted as the third level of administrative review at the time of Plaintiff's attempted exhaustion of his prison administrative remedies. Since Plaintiff's inmate appeal was processed and evaluated approximately five years ago under regulations in effect on the date of incident giving rise to Plaintiff's inmate appeal, and since the information and evidence needed to address Plaintiff's Opposition allegations, arguments and objections cannot be obtained from a single source, I need additional time to complete interviews of persons with knowledge of relevant information, draft and obtain signed declarations to accompany Defendants' Reply regarding the purported unavailability of prison administrative remedies.

8. Moreover, in light of the length and complexity of Plaintiff's Opposition to Defendants' exhaustion motion (which Plaintiff filed thirty-five calendar days after Defendants' exhaustion motion), I need additional time to research and distinguish cases cited in Plaintiff's

5

Defs.' Request for Extension of Time to File Reply to Pl.'s Opp'n to Mot. Summ. J. (2:17-cv-01520 TLN AC)

Opposition brief, to prepare Defendants' responses and objections to Plaintiff's statement of disputed facts, and to address Plaintiff's objections to Defendants' statement of undisputed facts.

9. In light of the foregoing, Defendants request an additional fourteen days to file their Reply, up to and including September 29, 2021, and ask to continue the hearing set for September 22, 2021 to the first available hearing date following September 29, 2021.

10. I contacted Plaintiff's legal counsel on September 8, 2021 seeking stipulation for the requested extension and continuance. On September 9, 2021, Plaintiff's counsel declined my request for stipulation indicating Plaintiff's position that Defendants had sufficient time to address Plaintiff's Opposition arguments.

11. This request is not being made for an improper purpose, such as to harass or cause unnecessary delay.

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct. Executed September 13, 2021, in Sacramento, California.

*/s/ Olena Likhachova*
OLENA LIKHACHOVA
Deputy Attorney General
*Counsel for Defendants*
*D. Tran, M. Swett, E. Baker, G. Smith, B. Cross and T. Guerra*

6

Defs.' Request for Extension of Time to File Reply to Pl.'s Opp'n to Mot. Summ. J. (2:17-cv-01520 TLN AC)