ROB BONTA, State Bar No. 202668
Attorney General of California
JAY M. GOLDMAN, State Bar No. 168141
Supervising Deputy Attorney General
KYLE A. LEWIS, State Bar No. 201041
Deputy Attorney General
 455 Golden Gate Avenue, Suite 11000
 San Francisco, CA 94102
 Telephone: (415) 510-3585
 Fax: (415) 703-5843
 E-mail: Kyle.Lewis@doj.ca.gov
*Attorneys for Defendants E. Baker, B. Cross,
D. Tran, M. Swett, G. Smith and T. Guerra*

IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

SACRAMENTO DIVISION

| | |
|---|---|
| **JAIME BELTRAN,**<br><br>                    Plaintiff,<br><br>   v.<br><br>**BAKER, et al. ,**<br><br>                    Defendants. | Case No. 2:17-cv-1520 TLN AC P<br><br>**STIPULATION AND [PROPOSED]**<br>**ORDER TO MODIFY THE DISCOVERY**<br>**AND SCHEDULING ORDER**<br><br>Judge:         The Honorable Allison Claire<br>Trial Date:   Not set<br>Action Filed: July 21, 2017 |

   Defendants E. Baker, B. Cross, D. Tran, M. Swett, G. Smith and T. Guerra and Plaintiff Jaime Beltran (CDCR No. K87116), by and through their respective counsel of record, hereby stipulate and request that the Court modify its January 27, 2022 discovery and scheduling order (ECF No. 67) to extend Defendants' response deadline to Plaintiff's initial written discovery, Set No. One, served on May 25, 2021, from April 30, 2022 to May 23, 2022.  This additional time is requested so that Defendants can continue gathering information for responses to Plaintiff's discovery after meaningful discussions regarding discovery issues, so that Defendants can assess Plaintiff's recent settlement demand, and because Defendants' counsel anticipates that new counsel will be engaged in this matter.  In all other respects, the discovery and scheduling order

should remain unchanged. While this is the fifth stipulation to modify the schedule in this matter, it is the first request of its kind following the Court's January 27 discovery and scheduling order.

A scheduling order may be modified only upon a showing of good cause and by leave of Court. Fed. R. Civ. P. 6(b)(1)(A), 16(b)(4); *see, e.g., Johnson v. Mammoth Recreations, Inc.,* 975 F.2d 604, 609 (describing the factors a court should consider in ruling on such a motion). In considering whether a party moving for a schedule modification has shown good cause, the Court primarily focuses on the diligence of the party seeking the modification. *Johnson,* 975 F.2d at 609 (citing Fed. R. Civ. P. 16 advisory committee's notes of 1983 amendment). When an act must be done within a specified time, the court may, for good cause, extend the time with or without motion or notice if the court acts, or if a request is made, before the original time expires. Fed. R. Civ. P. 6(b)(1)(A).

Good cause exists to modify the discovery and scheduling order based on the following procedural history of this matter:

1. Since the last stipulation to modify the discovery and scheduling order, the parties have met and conferred regarding issues identified in Plaintiff's discovery requests, including the scope of certain requests yielding a voluminous number of responsive materials in electronic mail searches, among other topics. Specifically, the parties met and conferred by email and letter correspondence on March 3, 2022, March 23, 2022, March 30, 2022, April 6, 2022 and April 20, 2022. The parties have also met and conferred by telephone conference on March 25, 2022, March 31, 2022 and April 25, 2022.

2. Over the past two months, the parties have engaged in meaningful discussions regarding resolution of the matter, including discussions of the legal issues and case valuation. On March 30, 2022, Plaintiff counsel communicated to defense counsel through letter correspondence a second settlement demand, which Defendants are continuing to assess. In addition, defense counsel explored a further judicial mediation with the Eastern District's mediation coordinator. Although the parties did not agree to attend mediation at this time, additional time will allow Defendants to more fully assess Plaintiff's recent demand while still continuing to work on discovery matters.

3. In the meantime, defense counsel has continued with the process of conferring with institutional clients on the written discovery responses to Plaintiff's discovery requests. Further, defense counsel has continued to confer with California Department of Corrections and Rehabilitation staff in efforts to obtain discovery document requests within the written discovery response deadline. In addition, Defendants worked extensively with electronic discovery specialists concerning Plaintiff's request for production of documents. However, as of April 25, 2022, the parties have certain outstanding discovery issues, including as to the scope of Plaintiff's request for production of documents containing email search requests that have yielded over one million search returns and require additional narrowing of scope. Therefore, Defendants require more time to complete its written discovery responses to Plaintiff's written discovery requests.

4. Lastly, defense counsel anticipates that new counsel will be assigned in this matter. Defendants' new counsel will need to become familiar with these issues in the case, assist in providing responses to Plaintiff's discovery requests presently due on April 30, and contribute to assessing Plaintiff's recent settlement demand.

5. Accordingly, good causes exists to modify the discovery and scheduling order on the grounds described above, and to minimally extend the existing discovery deadlines. Such an extension could also allow the parties to resolve issues without judicial involvement, and thus preserve the Court's resources.

**For these reasons, the parties hereby stipulate and agree to the following:**

The parties request that the Court modify its January 27, 2022 discovery and scheduling order (ECF No. 67) to extend Defendants' response deadline to Plaintiff's initial written discovery, Set No. One, served on May 25, 2021, from April 30, 2022 to May 23, 2022.

In all other respects, the discovery and scheduling order should remain unchanged.

| | | |
|---|---|---|
| 1 | Dated:  April 26, 2022 | ROB BONTA |
| 2 | | Attorney General of California |
| | | JAY M. GOLDMAN |
| 3 | | Supervising Deputy Attorney General |

*/s/ Kyle A. Lewis*
KYLE A. LEWIS
Deputy Attorney General
*Attorneys for Defendants E. Baker, B. Cross, D. Tran, M. Swett, G. Smith and T. Guerra*

Dated:  April 26, 2022           LAW OFFICE OF JARRETT ADAMS PLLC

*/s/ Lillian Gaither*
LILLIAN GAITHER
*Attorneys for Plaintiff Jaime Beltran*

**IT IS SO ORDERED.**

DATED: April 26, 2022

_____
ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE

Stipulation & [Proposed] Order to Modify the Discovery and Scheduling Order (Case No. 2:17-cv-01520 TLN AC)