UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAIME BELTRAN,<br><br>        Plaintiff,<br><br>    v.<br><br>ERIC R. BAKER, et al.,<br><br>        Defendants. | No.  2:17-cv-1520 TLN AC P<br><br><br>ORDER |

    Plaintiff, a state prisoner proceeding through counsel with a civil rights action pursuant to 42 U.S.C. § 1983, has filed a motion to modify the scheduling order.  ECF No. 86.  Defendants have opposed the motion.  ECF Nos. 92, 93.

    I.    <u>Procedural History</u>

    On January 4, 2021, the court issued a scheduling and discovery order.  ECF No. 31. Written request for discovery were to be served by March 1, 2021; discovery closed on April 30, 2021; and dispositive motions were due by July 23, 2021.  <u>Id.</u> at 5.  On April 23, 2021, counsel appeared on behalf of plaintiff, who had previously been proceeding pro se.  ECF No. 32.  On April 29, 2021, the parties filed a stipulated request to extend the deadline to depose plaintiff to June 30, 2021, with any motion to compel plaintiff's deposition due by July 14, 2021, and to extend the pretrial motions deadline to September 22, 2021.  ECF No. 36 at 4.  All other deadlines were to remain unchanged.  <u>Id.</u>  The request was granted.  ECF No. 38.  On May 7,

1    2021, plaintiff moved to amend the scheduling order to re-open discovery because defendants had
2    refused to respond to discovery requests made after the close of discovery.  ECF No. 39.  The
3    motion was granted, and plaintiff was permitted to conduct discovery until July 23, 2021, with
4    written requests for discovery to be served no later than May 28, 2021.  ECF No. 40.

5        The parties proceeded to file two additional stipulated requests to modify the scheduling
6    order that included an extension of defendants' time to respond to written discovery request.  ECF
7    Nos. 41, 43.  Both requests were granted.  ECF Nos. 42, 44.  Defendants then moved for
8    summary judgment based on plaintiff's failure to exhaust administrative remedies and to stay all
9    pending deadlines, including the deadline to respond to outstanding discovery requests.  ECF
10   Nos. 46, 47.  The motion to stay was granted and the deadlines for merit-based discovery and
11   dispositive motions, as well as the deadline for defendants to respond to pending discovery
12   requests, were vacated pending resolution of the motion for summary judgment.  ECF No. 51.

13       After defendants' motion for summary judgment was denied, the parties were ordered to
14   confer and submit a joint status report with a proposed schedule for the completion of merit-based
15   discovery and dispositive motions.  ECF No. 65. On February 1, 2022, the proposed schedule
16   was adopted with minor modifications and included the following deadlines: written designation
17   of experts due by July 30, 2022; responses to plaintiff's outstanding written discovery requests
18   due April 30, 2022; non-expert discovery, including any additional written discovery and
19   depositions to be completed by August 30, 2022; motions to compel non-expert discovery due by
20   September 28, 2022; expert disclosures to be exchanged by September 30, 2022; written
21   designations of rebuttal experts, including reports, completed by October 30, 2022; expert
22   discovery completed by November 20, 2022; dispositive motions due by December 28, 2022.
23   ECF No. 68.  The parties were cautioned that "given the age of the case and the generous
24   deadlines adopted, future requests for extension of time will be highly disfavored."  Id. at 1.

25       On April 26, 2022, the parties filed a stipulated request to extend the deadline for
26   defendants to serve responses to plaintiff's written discovery requests to May 23, 2022.  ECF No.
27   70.  The request was granted.  ECF No. 71.  Prior to the new deadline, defendants filed several
28   ////

proposed substitutions of attorney, with the last substitution granted on May 24, 2022.  ECF No. 85.

On July 22, 2022, plaintiff filed a motion to extend the deadlines in the scheduling order by sixty days.  ECF No. 86.  Because the motion did not indicate whether plaintiff attempted to obtain a stipulation from defendants or whether defendants opposed the motion, defendants were ordered to respond.  ECF No. 89.  Both sets of defendants[1] have now opposed the motion.  ECF Nos. 92, 93.

On August 10, 2022, the parties submitted a proposed stipulated protective order, which was approved the following day.  ECF Nos. 90, 91.

II.     Motion for Extension

Plaintiff seek a sixty-day extension of all deadlines, except the deadline for the written designation of experts.  ECF No. 86-2 at 2.  He states that while defendants served their written discovery responses on May 23, 2022, several of their interrogatory responses were insufficient and they raised several objections to the requests and did not produce any document with their responses.  Id. at 4.  Defendants promised to produce certain documents such as post orders and 602s at a later date.  Id.  Plaintiff asserts that there is also a dispute regarding the contents of a protective order.  Id.  On June 3, 2022, plaintiff sent defendants a letter regarding deficiencies with the discovery responses, to which defendants responded on June 13, 2022.  Id.  Plaintiff ultimately received all the post orders on July 11, 2022, and learned on July 21, 2022, that the 602s were ready for production once there was an agreement on the protective order.  Id. at 5.  Plaintiff states that the requested extensions are necessary to attempt to resolve the outstanding discovery disputes without court intervention and that he will be prejudiced if he is forced to take defendants depositions without all the relevant documents.  Id. at 2, 5-6.

Both sets of defendants have opposed the requested extension and argue that plaintiff has failed to demonstrate good cause because he has not been diligent in attempting to resolve the outstanding discovery disputes and has misrepresented said issues.  ECF Nos. 92, 93.  Defendants

---

[1] Defendant Guerra is represented by separate counsel from defendants Baker, Cross, Smith, Swett, and Tran.

3

assert that on May 31, 2022, plaintiff sent over a proposed protective order to which they provided joint comments on June 2, 2022. ECF No. 92 at 4; ECF No. 93 at 2. Plaintiff did not respond until August 1, 2022, after which the parties were able to reach an agreement and file the proposed protective order on August 10, 2022. Id. As a result, the requested 602s will be produced. ECF No. 92 at 4. Defendants also assert that they responded to plaintiff's June 3, 2022 letter on June 10, 2022, and did not hear anything further from plaintiff until August 1, 2022. ECF No. 92 at 4; ECF No. 93-1 at 2. Defendant Guerra responded to the letter on August 8, 2022, and defendants Baker, Cross, Tran, Smith, and Swett are in the process of responding. Id. Finally, defendants assert that plaintiff contacted them on July 15, 2022, to schedule depositions toward the end of August and those depositions have been scheduled to take place prior to the current discovery cut-off. ECF No. 92 at 4; ECF No. 93 at 2.

While the court appreciates that plaintiff has expressed a desire to resolve the outstanding discovery disputes without court intervention, it does not appear that he has been diligent in doing so. Plaintiff allowed sixty days to lapse between receiving defendants' comments on the proposed protective order before sending a response, and approximately fifty days lapsed between the defendants' responses to plaintiff's June 3, 2022 letter and plaintiff's reply. There is no indication from either party that plaintiff made any efforts to continue attempting to resolve the discovery disputes, and the current request for an extension appears to be an attempt to make up for plaintiff's period of inactivity. Although plaintiff's counsel avers that she has been delayed in her efforts to resolve the disputes by having to provide assistance to her parents, who are dealing with major medical issues, this general representation does little to excuse such a long period of inactivity. The court was clear that further extensions of the deadlines would be highly disfavored, and plaintiff was aware of this when she made the decision to attempt to resolve the discovery disputes without court intervention and then failed to progress the discussion. Defendants' depositions are currently scheduled to take place within the current deadline, and plaintiff continues to have until September 28, 2022, to bring any necessary motions to compel. The court therefore finds that plaintiff has failed to establish good cause for the requested extension.

     Accordingly, IT IS HEREBY ORDERED that plaintiff's motion to modify the scheduling order (ECF No. 86) is DENIED.

DATED: August 19, 2022

_/s/ Allison Claire_
ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE