UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAIME BELTRAN, | No. 2:17-cv-1520 TLN AC P |
| Plaintiff, | |
| v. | ORDER |
| ERIC R. BAKER, et al., | |
| Defendants. | |

Plaintiff, a state prisoner proceeding through counsel, has filed a motion to compel non-party California State Prison (CSP)-Sacramento to comply with a subpoena duces tecum. ECF No. 95. Plaintiff and CSP-Sacramento have filed a joint statement in compliance with Local Rule 251(c). ECF No. 98.

I. Plaintiff's Allegations

The complaint alleges that on November 4, 2015, plaintiff was in the yard of Facility C at CSP-Sacramento and was stabbed approximately twenty-five times by two other inmates. ECF No. 1 at 5. He alleges that none of the defendants made any attempt to intervene or stop the assault while it was happening, and no response occurred until it was time for yard recall, which was approximately four minutes after the attack ended. Id. at 6-7.

////

////

1

II. Motion to Compel

Plaintiff seeks to compel production of "all video from all cameras of the CSP-Sacramento C-Yard for the entire recreation period on November 4, 2015 when the attack on Jaime Beltran which is the subject matter of this case occurred." ECF No. 95 at 1. He argues that the subpoena was properly served, or that any defects in service were waived, and that the request falls within the scope of the subpoena. ECF No. 98 at 11-15. Respondent, CSP-Sacramento, argues that the subpoena is void because it was never properly served, that all responsive video has been produced, and that any further video exceeds the scope of the subpoena. Id. at 17-20.

III. Standard Governing Subpoenas

Under Federal Rule of Civil Procedure 45, a subpoena may direct a non-party to an action to produce documents or other tangible objects. Fed. R. Civ. P. 45(a)(1)(D). However, a party's reliance on a subpoena duces tecum is limited by the relevance standards set forth in Federal Rule of Civil Procedure 26(b)(1) ("[p]arties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claims or defense and proportional to the needs of the case") and Federal Rule of Civil Procedure 34(b)(1)(A)'s requirement that the request "describe with reasonable particularity each item or category of items to be inspected." The requesting party also has a duty under Federal Rule of Civil Procedure 45(d)(1) to ensure that a subpoena does not impose "undue burden or expense on a person subject to the subpoena," and "nonparties subject to discovery requests deserve extra protection from the courts," High Tech Med. Instrumentation v. New Image Indus., 161 F.R.D. 86, 88 (N.D. Cal. 1995) (citing United States v. Columbia Broad. Sys., 666 F.2d 364, 371-72 (9th Cir. 1982)).

IV. Factual Background

On May 20, 2021, plaintiff's counsel spoke with Kristina Albain, who was the litigation coordinator for CSP-Sacramento at that time. ECF No. 98 at 4. Counsel avers that Ms. Albain agreed to accept a subpoena for CSP-Sacramento by email and mail. Id.; ECF No. 98-1 at 4. On May 22, 2021, plaintiff's counsel emailed the subpoena at issue to Ms. Albain, as well as to Erik Gutierrez, who was counsel of record for all defendants at that time. ECF No. 98 at 4; ECF No. 98-1 at 16, 20-28. Plaintiff also asserts that the subpoena was sent via certified mail (ECF No. 98

at 4) but provides no proof of mailing or return receipt. Ms. Albain acknowledged receipt of the subpoena on June 1, 2021, and stated that the "documents are currently pending our legal department's review" and that "[t]he return date of 06/20/21 should be acceptable." ECF No. 98-1 at 18. Relevant to the motion to compel, the subpoena sought "[a]ny and all video footage of the November 4, 2015 attack on Plaintiff Jamie Beltran, CDCR# K87116 ("Plaintiff"), taken in the CSP-Sacramento C-Facility yard" and "[a]ny and all records, reports, emails, notes, photos, pictures, audio, investigation reports, or any documentation or other documentary material related to the attack on Plaintiff on November 4, 2015." ECF No. 98 at 10; ECF No. 98-1 at 27.

On May 28, 2021, plaintiff's counsel received some of the materials requested from defendants' counsel. ECF No. 98-1 at 30-31. From June 1 to 22, 2021, counsel corresponded with Ms. Albain regarding production of the materials requested in the subpoena. Id. at 36-43. This included requests for "all of the video from November 4, 2015, for the entire Yard Time period on Facility C, not just the short interval of the attack, from Cameras 1-8," and following upon that request. Id. at 37-40.

Discovery in this matter, except that related to the exhaustion of plaintiff's administrative remedies, was stayed from August 6, 2021 (ECF No. 51), until February 1, 2022, when the court adopted the parties' proposed schedule with only minor modifications (ECF No. 68). At that time, the stay on discovery was lifted, and the deadline for filing any motions to compel non-expert discovery was set for September 28, 2022. Id.

On August 24, 25, and 26, 2022, defendants were deposed and plaintiff's counsel asserts it was at this time she "learned for the first time that other cameras of the CSP-Sacramento C-Yard existed and may have recorded video of the recreation period on November 4, 2015," but had not been produced. ECF No. 98 at 6-7. On August 29, 2022, counsel attempted to follow up on the videos with Ms. Albain and was notified the following day that Ms. Albain was no longer the litigation coordinator. Id. at 7; ECF No. 98-1 at 46-53. The follow-up request sought "[v]ideo footage from all cameras for the entire Recreation Period on C Yard on November 4, 2015" for the entire recreation period of approximately 12:00 p.m. to 1:30 p.m. ECF No. 98-1 at 46. On September 8, 2022, counsel for CSP-Sacramento contacted plaintiff's counsel to advise that he

1  was reviewing the follow-up request and would respond shortly. Id. at 55. On September 16,
2  2022, counsel for CSP-Sacramento responded that the additional video being requested exceeded
3  the scope of the subpoena and that all responsive video—namely that capturing the attack—had
4  been produced. Id. at 77.

On September 27, 2022, counsel participated in a telephone conference during which counsel for CSP-Sacramento advised that all video showing the attack had been produced and that there were no additional videos. ECF No. 98 at 7, 10. The following day, plaintiff filed a motion to compel additional video in response to the subpoena. ECF No. 95. On October 4, 2022, counsel for CSP-Sacramento provided further clarification that he had been informed that "no additional footage exists besides that which has already been provided. So, no recorded footage from any cameras aside from 2, 4, 7, and 8 from 1:19 pm to 1:27 pm (assuming that is the timestamp for the video you have already)." ECF No. 98-1 at 100. Plaintiff's counsel responded that they would withdraw the motion to compel if they received an affidavit from the litigation coordinator "that attests to those statements, and that there are no other videos with the details of why there are no other videos." Id. at 105. The request was declined on the ground that CSP-Sacramento had no obligation to provide such an affidavit (id. at 107), and the parties filed their joint statement regarding the dispute on October 5, 2022 (ECF No. 98).

V. Discussion

A. Service

Third-party subpoenas are governed by Federal Rule of Civil Procedure 45, which provides that "[s]erving a subpoena requires delivering a copy to the named person." Fed. R. Civ. P. 45(b)(1). The majority rule is that Rule 45 requires personal service, as opposed to service by mail, though a growing minority has begun to allow substitute service via alternative methods, such as mail delivery pursuant to a court order. See Fujikura Ltd. v. Finisar Corp., No. 15-mc-80110 JRL (JSC), 2015 WL 5782351, at *5, 2015 U.S. Dist. LEXIS 135871, at *14-16 (N.D. Cal. Oct. 5, 2015) (collecting cases). However, though the Ninth Circuit has not issued a definitive opinion on the matter, in an unpublished panel decision it held that service "by mail rather than by personal service as required by F.R.C.P. 45(b)(1)" was "probably improper." Chima v. U.S.

4

Dep't of Def., 23 F. App'x 721, 724 (9th Cir. 2001).

Although plaintiff asserts that Ms. Albain waived personal service on behalf of CSP-Sacramento, the only evidence he provides of said waiver is counsel's hearsay statements to that effect and an email stating that the subpoena was received, but that makes no mention of waiving personal service.  On the current record, it therefore appears that the subpoena at issue was never properly served.  However, whether service was proper is ultimately immaterial.

CSP-Sacramento does not argue that Ms. Albain was not authorized to accept a subpoena on its behalf, and though it argues that she produced materials "informally (and without informing counsel)" (ECF No. 98 at 9), Ms. Albain's response to plaintiff's counsel indicates that she forwarded the subpoena to the legal department for review (ECF No. 98-1 at 18).  Moreover, CSP-Sacramento then proceeded to produce documents in response to the subpoena and failed to make any objections within fourteen days of receiving the subpoena.  "[W]here a party has actual notice, failure to make a timely objection waives insufficiency of service." Scruggs v. Vance, No. 2:06-cv-0633 KJM KJN, 2011 WL 6368297, at *10 n.5, 2011 U.S. Dist. LEXIS 145667, at *28 (E.D. Cal. Dec. 19, 2011) (objection to sufficiency of service waived where "CDCR did not file a motion to quash the subpoena, but notified plaintiff's counsel as to their objection as to the manner of service, yet began to produce documents anyway") (citing E.&J. Gallo Winery v. EnCana Energy Servs., Inc., No. 1:03-cv-5412 AWI LJO, 2005 WL 3710352, at *4, 2005 U.S. Dist. LEXIS 40141, at *11 (E.D. Cal. Aug. 15, 2005)).  Accordingly, any objection to the insufficiency of service was waived.

      B.     Scope of Request

Plaintiff argues that his request for "[v]ideos from all cameras for the entire recreation period on CSP-Sacramento C-Yard for November 4, 2015" falls within the scope of parts (a) and (b) of the subpoena, and respondent's narrow construction of these requests is contrary to the principle that discovery is broad.  ECF No. 98 at 11.  Parts (a) and (b) of the subpoena respectively sought "[a]ny and all video footage of the November 4, 2015 attack on Plaintiff Jamie Beltran, CDCR# K87116 ("Plaintiff"), taken in the CSP-Sacramento C-Facility yard" and "[a]ny and all records, reports, emails, notes, photos, pictures, audio, investigation reports, or any

documentation or other documentary material related to the attack on Plaintiff on November 4, 2015." ECF No. 98-1 at 27.  Respondent argues that the subpoena sought only footage of the attack, that all such video had been produced, and that there is no obligation to exceed the request.  ECF No. 98 at 20.

Plaintiff's request for additional video clearly exceeds the scope of part (a) of the subpoena, and while plaintiff is correct that the scope of discovery is broad, that does not translate into a requirement that discovery requests be broadly construed.  Moreover, while the request for additional video on the ground that it "will show the actions of the two inmates as well as the actions and inactions by the Defendants prior to, during, and following the attack on Mr. Beltran" does fall within part (b) of the subpoena, it does so because part (b) is unquestionably overbroad[1] and would encompass nearly any material plaintiff believed was relevant to his claims.  See Briggs v. County of Maricopa, No. 18-cv-2684 PHX EJM, 2021 WL 1192819, at *4, 2021 U.S. Dist. LEXIS 61386, at *11-12 (D. Ariz. Mar. 30, 2021) (discussing the use of phrases "regarding" and "relating to" as indicators of overbreadth and the burden they place upon the respondent).  In fact, based upon the correspondence between counsel, it appears that plaintiff used part (b) as a catchall to request additional materials that he believed to be relevant to his case and that were outside the scope of the more specific provisions of the subpoena.[2]  See ECF No. 98-1 at 37-38, 46, 70, 77-78, 92-93.

////

---

[1] Although respondent has not objected on the ground of overbreadth, such objections are not necessarily waived by the failure to object in a timely manner, see Moon v. SCP Pool Corp., 232 F.R.D. 633, 636 (C.D. Cal. 2005) (courts have found objection to overbreadth not waived where subpoena is overbroad on its face), and this court has an obligation to ensure a subpoena does not impose "undue burden or expense" upon respondent, see Fed. R. Civ. P. 45(d)(1).

[2] It appears that, except for the request for additional video, counsel was able to reach a compromise regarding the other additional materials requested.  ECF No. 98 at 7; ECF No. 98-1 at 37-38, 46, 70, 77-78, 92-93.  The sticking point with regard to the video appears to be CSP-Sacramento's refusal to provide an affidavit stating that no further video, responsive or otherwise, exists.  Id. at 107-08, 110.  Counsel for plaintiff argues that she has received contradictory responses regarding various requests, including the requests for video, while counsel for respondent argues that respondent has produced all responsive videos within its possession, custody, and control, and has no obligation to provide a statement regarding the lack of any further video under oath.  ECF No. 98 at 7-8, 20; ECF No. 98-1 at 107-08, 110.

In light of the foregoing, the undersigned concludes that plaintiff's request for additional video falls outside the enforceable scope of the subpoena. The court further finds that respondent reasonably compromised on the matter by looking into the existence of additional video and relaying through counsel that no other video, responsive or otherwise, exists. While a statement from the custodian of record or other appropriate individual would have been necessary had the request been within the valid scope of the subpoena, it is not necessary under these circumstances.

For these reasons, the plaintiff's motion to compel will be denied.

VI.    Fees

Federal Rule of Civil Procedure 45(d)(1) provides that "[a] party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena" and the court "must enforce this duty and impose an appropriate sanction . . . on a party or attorney who fails to comply." However, "[m]erely losing a motion to compel does not expose a party to Rule 45 sanctions." Legal Voice v. Stormans Inc., 738 F.3d 1178, 1185 (9th Cir. 2013) (citing Mount Hope Church v. Bash Back!, 705 F.3d 418, 425-27 (9th Cir. 2012)).

Respondent requests its costs in defending against plaintiff's motion to compel as a sanction for violating Rule 45(d)(1). ECF No. 98 at 21. It argues that the motion was meritless because the subpoena was never validly served and the request for additional video exceeded the scope of the subpoena. Id. As such, having to defend against the motion was an undue burden. Id. Plaintiff argues that there are no grounds for sanctions because the motion was brought in good faith. Id. at 16-17.

As addressed above, any defects in service were waived and therefore do not provide grounds for finding the motion was meritless. Furthermore, though part (b) of the subpoena was clearly overbroad, there is no indication that respondent ever objected to that provision of the subpoena or addressed plaintiff's claims that the requested video fell within its scope. Nor does it appear that the subpoena as a whole was so overbroad as to demonstrate it was issued "in bad faith, for an improper purpose, or in a manner inconsistent with existing law." Legal Voice, 738 F.3d at 1185 (citing Mount Hope Church, 705 F.3d at 425, 428; Mattel, Inc. v. Walking Mountain

7

Prods., 353 F.3d 792, 814 (9th Cir. 2003)). The Ninth Circuit has held that "while failure narrowly to tailor a subpoena may be a ground for sanctions, the district court need not impose sanctions every time it finds a subpoena overbroad; such overbreadth may sometimes result from normal advocacy, which . . . should not give rise to sanctions." Id. (citing Mount Hope Church, 705 F.3d at 426). It therefore does not appear that sanctions are appropriate in this case and the request for sanctions will be denied.

## CONCLUSION

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff's motion to compel (ECF No. 95) is DENIED; and
2. Respondent CSP-Sacramento's request for sanctions (ECF No. 98 at 21) is DENIED.

DATED: November 16, 2022

ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE