J. RANDALL ANDRADA (SBN 70000)
randrada@andradalaw.com
LYNNE G. STOCKER (SBN 130333)
lstocker@andradalaw.com
**ANDRADA & ASSOCIATES**
**PROFESSIONAL CORPORATION**
1939 Harrison Street, Suite 612
Oakland, California  94612
Tel:  (510) 287-4160 / Fax:  (510) 287-4161

Attorneys for Defendant
T. GUERRA

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

SACRAMENTO DIVISION

| | |
|---|---|
| JAIME BELTRAN,<br><br>                Plaintiff,<br><br>        v.<br><br>ERIC R. BAKER, et al.,<br><br>                Defendants. | Case No. 2:17-cv-01520-TLN-AC<br><br>**OBJECTIONS TO MAGISTRATE JUDGE'S ORDER AND FINDINGS & RECOMMENDATIONS**<br><br>Action Filed: July 21, 2017 |

Pursuant to Federal Rule of Civil Procedure 72(b) and Local Rule 304, defendant T. Guerra objects to Magistrate Judge Claire's Order and Findings and Recommendations ("F&R) (ECF No. 125) filed on March 13, 2023. The Magistrate Judge erred in recommending that the Court deny defendant Guerra's motion for summary judgment (ECF No. 100) by:

1.      Misapplying the law of circumstantial evidence as it relates to the use of video footage of an incident on summary judgment.

2.      Taking into consideration video footage that was taken from a camera on the outside of a building and not in the same physical location and at an unspecified distance from defendant's location in the C Observation Tower at the time of the incident.

3.      Allowing the matter to go to a jury to draw inferences in favor of the non-moving party that are not justifiably supported by the evidence.

1

1      4.    Allowing the matter to go to a jury to determine, with the benefit of 20/20 hindsight, what defendant Guerra <u>should</u> have seen.

3      5.    Improperly adopting plaintiff's misstatement of the evidence.

4      6.    Ignoring plaintiff's judicial admission.

5      7.    Failing to grant qualified immunity

Accordingly, the Court should decline to adopt the Findings and Recommendations. Instead, it should grant defendant's motion for summary judgment.

## ARGUMENT

When either party objects to any portion of a magistrate's Findings and Recommendation concerning a dispositive motion or prisoner petition, the district court must make a de novo determination of that portion of the magistrate's report. 28 U.S.C § 636(b)(1); Fed.R.Civ.P. 72(b); *McDonnell Douglas Corp. v. Commodore Business Machines, Inc.,* 656 F.2d 1309, 1313 (9th Cir.1981), *cert. denied, 455 U.S. 920 (1982).*

Defendant Guerra filed a motion for summary judgment on the grounds that plaintiff cannot establish that Guerra acted with a sufficiently culpable state of mind. In ruling on defendant's motion, the Magistrate Judge misapplied the law of circumstantial evidence as it applies to the use of video footage of an incident on summary judgment. The Magistrate Judge erred in taking into consideration video footage that was taken from a camera on the outside of a building, and not in the same physical location and at an unspecified distance from defendant's location in the C Observation Tower at the time of the incident. The Magistrate Judge applied the wrong legal standard, and ignored plaintiff's judicial admission. Defendant Guerra is entitled to qualified immunity.

**A.**     **The Standard is Not Based on What Defendant "Should" Have Perceived**

Defendant Guerra submitted evidence that after he announced "yard recall," he did a visual scan of the upper half of the yard, and observed an inmate, later identified via photo identification card as inmate Beltran, lying on his side in a fetal position near the upper workout area. Defendant Guerra ordered "Down on the Yard" resulting in the inmates sitting down on the yard. ECF No. 100-2, ¶14. He submitted evidence that he did not see the attack as it was happening. *Id*. at ¶15. Plaintiff offered no affirmative evidence to the contrary. Plaintiff instead relies on purported circumstantial

evidence of what defendant Guerra "should" have seen. To allow a jury to determine whether defendant Guerra "should have been aware of the risk" is contrary to the governing law of subjective standards applicable to plaintiff's Eighth Amendment claim. The court's reliance on that circumstantial evidence to deny the motion for summary judgment is erroneous as a matter of law.

In *Farmer v. Brennan,* 511 U.S. 825 (1994), the Supreme Court explicitly rejected an objective standard for deliberate indifference which would allow prison officials to be held liable if they should have known of a substantial risk to inmate safety but did not have actual knowledge of the risk. *Farmer*, 511 U.S. at 826. "[T]he failure to alleviate a significant risk that an official **should have perceived but did not**, while no cause for commendation," cannot be the basis of a deliberate indifference claim. *Id*. (Emphasis added.)

**B.     The Court Misapplied the Law on Video Footage on Summary Judgment**

In legal situations, a video can miscommunicate and present an untrue story. To be admissible on summary judgment, the video must show an accurate depiction or reflection of events important to the case. In short: A picture may still be worth a thousand words, but the lay interpretation of that picture may be nothing more than fiction.

The court relies on *Castro v. County of Los Angeles*, 833 F.3d 1060, 1072 (9th Cir. 2016) (en banc) in finding successful plaintiff's argument that the circumstantial evidence shows that Guerra saw the attack and ignored it. ECF No. 125 at 8. The court relies on video from Camera 8, which captured footage of the assault (Exhibit 4 to ECF No. 108-1) and relies on the disputed statement that Camera 8 was located on the wall just to the right of where defendant Guerra was stationed on November 4, 2015 (ECF No. 108-3 ¶ 17.) ECF No. 125 at 8. The court *neglects* to mention that Camera 8 was located **outside of the C Yard Observation Tower** where defendant Guerra was stationed. *Id*. The court *neglects* to mention that there is no evidence of just how far from the Observation Tower the camera was located. (ECF No. 108-3 ¶17.) ECF No. 125 at 8. The court improperly adopts plaintiff's misstatement of the evidence.

The court's reliance on *Castro*, 833 F.3d at 1072 is misplaced. In *Castro*, the Court of Appeal found the jury's finding that the defendant officers caused pre-trial detainee Castro's injuries by failing to take reasonable measures to address the risk of harm to Castro at the hands of another

3

ANDRADA & ASSOCIATES
PROFESSIONAL CORPORATION

1  inmate was supported by video footage. *Id*. at 1073. The jury found that "defendant Solomon failed
2  to respond to Castro's banging on the window of the door of the cell" based on "jail video of the
3  hallway [that] showed Castro pounding on his cell door for a full minute, while Solomon remained
4  unresponsive, seated at a desk nearby." In other words, the jury had video evidence of the acts and/or
5  omissions of defendant Solomon and the actions of plaintiff Castro. Here, there is no video evidence
6  of defendant Guerra's actions or of what he actually saw.

7  The case of *Scott v. Harris*, 550 U.S. 372, 383–84 (2007) is instructive. *Scott* concerned an
8  excessive force claim decided on summary judgment. 550 U.S. at 378. In that case, a dash camera
9  video of a car chase resulting in plaintiff's injuries was before the court on summary judgment. *Id*. at
10 378–79.

11 As recounted by Justice Scalia, the videotape tells quite a different story than that presented
12 by respondent. In the videotape, "we see respondent's vehicle racing down narrow, two-lane roads in
13 the dead of night at speeds that are shockingly fast. We see it swerve around more than a dozen other
14 cars, cross the double-yellow line, and force cars traveling in both directions to their respective
15 shoulders to avoid being hit. We see it run multiple red lights and travel for considerable periods of
16 time in the occasional center left-turn-only lane, chased by numerous police cars forced to engage in
17 the same hazardous maneuvers just to keep up. Far from being the cautious and controlled driver the
18 lower court depicts, what we see on the video more closely resembles a Hollywood-style car chase of
19 the most frightening sort, placing police officers and innocent bystanders alike at great risk of serious
20 injury." *Id*. at 379–80. The Supreme Court held that in that case, the Court of Appeals "should have
21 viewed the facts in the light depicted by the videotape," because the video evidence was so clear that
22 no reasonable jury could have believed plaintiff's version of the events. *Id*. at 380–81.

23 Unlike most cases, the *Scott* Court was able to see from the officer's perspective the actual
24 conditions that led the officer to believe deadly force was necessary. *Price v. Sery*, 513 F.3d 962, 979
25 (9th Cir. 2008), *Fisher, Circuit Judge*, concurring in part, dissenting in part and concurring in the
26 judgment.

27 In *Blankenhorn v. City of Orange*, 485 F.3d 463, 478 (9th Cir. 2007), involving an alleged
28 use of excessive force and a claim of qualified immunity, the court on summary judgment was

4

1  presented with video evidence of the conduct of the arrestee <u>and</u> of the officers during the detention.

2  485 F.3d at 478. Based on that evidence of both perspectives, the court found that genuine issues of

3  material fact precluded summary judgment. *Id*. at 479.

4        See *Leal v. Wiles*, 734 F. App'x 905, 910 (5th Cir. 2018) (affirming grant of summary

5  judgment in officer's favor where there was no direct evidence of knowledge and "the circumstantial

6  evidence d[id] not meet the high standard of deliberate indifference.")

7        Here, the video from Camera 8 upon which the court relies to find the existence of

8  circumstantial evidence that Guerra saw the attack and ignored it was located outside the building on

9  a wall at some unknown distance to the right of the C Observation Tower where defendant Guerra

10 was stationed. (ECF No. 108-3 ¶ 17.) The Camera is not located inside the Tower; it does not

11 accurately reflect what Guerra saw from his position inside the Tower. The video does not reflect

12 what defendant Guerra was doing inside the Tower at the time of the attack of which plaintiff has no

13 evidence. ECF No. 100 ¶¶ 10, 12. That which was captured by an inanimate video camera does not

14 accurately reflect what defendant Guerra, a human being, saw or when he saw it.

15       Deliberate indifference must be measured by the official's knowledge at the time in question,

16 not by "hindsight's perfect vision." *Schaub v. VonWald*, 638 F.3d 905, 915 (8th Cir. 2011). "Perhaps,

17 with the benefit of hindsight, one might conclude that an officer in Guerra's position should have

18 [done something differently.] Hindsight, however, is not the standard by which to judge whether a

19 correctional officer acted reasonably." *Luna v. Thurien*, 129 F. App'x 381, 384 (9th Cir. 2005),

20 *Callahan, Circuit Judge, dissenting*.

21       Under the Magistrate Judge's interpretation of circumstantial evidence, courts would be free

22 to reject the subjective deliberate indifference standard whenever a judge or a jury could say, with

23 the wisdom of hindsight, that an officer "should" have perceived a substantial risk. That is contrary

24 to the standard under *Farmer*.

25       **C.**    **The Court Improperly Adopts Plaintiff's Misstatement of the Evidence**

26       As set forth above, the court improperly adopts plaintiff's misstatement of the evidence as it

27 relates to the location of Camera 8. Additionally, defendant Guerra testified that he was "looking

28 toward the weight pile when he noticed inmate Beltran down." (ECF No. 108-1 at 11-12.) Plaintiff

5

{00125215.DOC/}CDCR 1239                                                                                      *Beltran v. Baker, et al.*
OBJECTIONS TO ORDER AND FINDINGS & RECOMMENDATIONS                                       2:17-cv-01520-TLN-AC

now argues, that "**Defendant was looking in the direction of the attack when it happened**" (ECF No. 108 at 9, emphasis added) and that "**at approximately the time of the attack**, . . defendant Guerra was observing the right side of the yard toward the area where the weight pile was located." (ECF No. 108-3 ¶10, emphasis added.) The court improperly adopts plaintiff's misstatement of the evidence in support of the Findings & Recommendations. ECF No. 125 at 6, 8.

### D.  The Court Ignored Plaintiff's Judicial Admission

Plaintiff alleges that "four minutes after the attempted murder, defendant Guerra finally observed plaintiff lying on the ground in a fetal position in a pool of his own blood and ordered the 'yard down.' " ECF No. 100-2 ¶ 13.

"Factual assertions in pleadings and pretrial orders, unless amended, are considered judicial admissions conclusively binding on the party who made them." *Am. Title Ins. Co. v. Lacelaw Corp.*, 861 F.2d 224, 226 (9th Cir.1988). Such admissions have the effect of withdrawing a fact from issue and dispensing wholly with the need for proof of the fact. *Id*. "A judicial admission trumps evidence.... This is the basis of the principle that a plaintiff can plead himself out of court." *Murrey v. United States*, 73 F.3d 1448, 1455 (7th Cir.1996). *Dhaliwal v. Singh*, No. CV F 13-0484 LJO SKO, 2014 WL 871591, at *1 (E.D. Cal. Mar. 5, 2014).

### E.  Defendant Guerra is Entitled to Qualified Immunity

Defendant has shown that he did not violate plaintiff's constitutional rights. Qualified immunity shields government officials under § 1983 unless '(1) they violated a federal statutory or constitutional right, and (2) the unlawfulness of their conduct was clearly established at the time.' " *Rico v. Ducart*, 980 F.3d 1292, 1298 (9th Cir. 2020). When performing a qualified immunity analysis, courts have discretion to decide which of these two prongs to address first. *Pearson v. Callahan*, 555 U.S. 223, 236 (2009). If analysis under one prong proves dispositive, the Court need not analyze the other. See *id*. at 236, 241–43.

/ /
/ /
/ /
/ /

**CONCLUSION**

For the foregoing reasons, the Court should reject the Magistrate Judge's Findings and Recommendations (ECF No. 125) and grant defendant Guerra's motion for summary judgment.

Dated: March 27, 2023                                     ANDRADA & ASSOCIATES

By  */s/ Lynne G. Stocker*
LYNNE G. STOCKER
Attorneys for Defendant T. GUERRA